## EX PARTE IN THE MATTER OF HUSSEIN LUTFI BEY, MASTER OF THE GUL DJEMAL, PETITIONER.

MOTION FOR LEAVE TO FILE PETITION FOR A WRIT OF PROHIBITION AND A WRIT OF MANDAMUS. .

No. —, Original. Motion submitted February 28, 1921.—Decided June 6, 1921.

1. The questions whether a ship of a foreign government, which it uses and operates as a merchant vessel, is, within the waters of the United States, immune from process in admiralty suits to enforce claims for wharfage and supplies, and whether such immunity properly can be claimed for a ship of a government which has severed and not resumed diplomatic relations with the United States, are debatable questions. P. 618.

2. The granting or refusal of the writs of prohibition and mandamus to restrain and correct alleged excesses of jurisdiction by the District Court in admiralty, is discretionary when the jurisdiction of that court is debatable. P. 619.

Leave denied. . .

THE facts are stated in the opinion, *post*, 618.

*Mr. John M. Woolsey, Mr. Frank J. McConnell* and *Mr. William A. Purrington,* for petitioner:

There is not any other available remedy than that now sought from this court.

The order sustaining the exceptions to the plea in abatement and overruling the plea is not a final order and, hence, is not appealable to the Circuit Court of Appeals. *Montgomery* v. *Anderson,* 21 How. 386; *Cushing* v. *Laird,* 107 U. S. 69; *McLish* v. *Roff,* 141 U. S. 661; *Bender* v. *Pennsylvania Co.,* 148 U. S. 502; *Hohorst* v. *Hamburg-American Packet Co.,* 148 U. S. 262.

If it had been a final order it would not have been directly appealable to this court under § 238, Jud. Code,

because it does not involve the question of the jurisdiction of the court as a federal court, because the court has jurisdiction of the subject-matter of the suit.

The only question is the jurisdiction of any court over the steamship *Gul Djemal* in her present status, and that is a question of liability and not jurisdiction. *The Attualita*, 238 Fed. Rep. 909.

It is only questions of the jurisdiction of the court as a federal court that are directly appealable under § 238. *Louisville Trust Co.* v. *Knott*, 191 U. S. 225, 230; *United States* v. *Congress Construction Co.*, 222 U. S. 199; *Male* v. *Atchison, Topeka & Santa Fe Ry. Co.*, 240 U. S. 97.

It is not possible to obtain a writ of prohibition from the Circuit Court of Appeals. *Muir* v. *Chatfield*, 255 Fed. Rep. 24.

It is not possible to try a case of this kind and at the same time maintain the immunity which it is necessary to maintain in order to preserve the rights of the sovereign. A case cannot be tried without submitting to the jurisdiction of the court. The filing of a bond would at once waive immunity. *The Luigi*, 230 Fed. Rep. 493. It is only a sovereign or his representative that can claim sovereign immunity. *The Crimdon*, 35 T. L. R. 81, 82.

The relief herein prayed for is, therefore, appropriate and is apparently the only relief procurable.

There is ample precedent for the granting of a writ of prohibition in a case of this kind. *Smith* v. *Whitney*, 116 U. S. 167, 173; *In re Rice*, 155 U. S. 396, 402; *In re New York & Porto Rico S. S. Co.*, 155 U. S. 523, 531.

The first reported instance of a writ of prohibition in this court is, we believe, the case of *United States* v. *Peters*, 3 Dall. 121 (1795), in which the question raised was a question of immunity of an arrested corvette, *The Cassius*, belonging to the French Republic and in which the writ of prohibition was granted. To the same effect in principle are: *In re Baiz*, 135 U. S. 403; *In re Cooper*,

138 U. S. 404; *In re Cooper*, 143 U. S. 472; *Ex parte Indiana Transportation Co.*, 244 U. S. 456; *Ex parte Easton*, 95 U. S. 68, 77.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a motion for leave to file a petition for a writ of prohibition and a writ of mandamus. The circumstances leading up to the motion can be shortly stated. The Steamship *Gul Djemal*, now in the Port of New York, was arrested and is being held under process issued against her in several suits in admiralty in the District Court for that district. She is a merchant ship and came from Constantinople to New York under a time charterparty, for a purely commercial purpose, shortly before the suits were brought. The claims sought to be enforced in them amount to $80,585 and are for wharfage, fuel, supplies and other necessaries furnished to the ship at Gibraltar in the course of her voyage and at New York after her arrival. Her master, Hussein Lutfi Bey, appearing specially in the suits, applied to have her released from arrest, and in support of his application alleged that she was owned, manned and operated by the Turkish or Ottoman Government, that she therefore was not subject to the court's process and that he, as the representative and agent of that government, was her true and lawful bailée and as such entitled to her immediate possession. The court declined to order her release, and in the petition now proffered the master seeks a writ of prohibition forbidding further proceedings in the suits and a writ of mandamus commanding that the order denying his application be vacated and another entered releasing the ship. The questions involved are, first, whether the ship of a foreign government which it uses and operates as a merchant vessel is, when within the waters of the United States, immune from process in suits such as have

been described; and, secondly, whether such immunity properly can be claimed in respect of the ship of a government which has severed and not resumed diplomatic relations with the United States. Both questions are important and also new. Their proper solution is not plain but debatable. This is frankly recognized in the brief supporting the motion. Even in admiralty cases a writ of prohibition goes as a matter of right only where the absence of jurisdiction is plain. Where the jurisdiction is debatable the granting or refusal of the writ is discretionary. *Ex parte Muir*, 254 U. S. 522. It is not plain that there is an absence of jurisdiction here, for the question is an open one and of uncertain solution. On application to the State Department, it declined to ask the Attorney General to present to the District Court a suggestion avowing that the ship belonged to the Turkish or Ottoman Government and was immune from seizure. We regard the situation as one in which to refuse the writ would be a proper exercise of discretion. There are stronger reasons against granting a writ of mandamus.

*Leave to file petition denied.*