Thomas De Simone, Respondent, *v.* Transportes Maritimos Do Estado, Appellant.

First Department, January 13, 1922.

Pleadings — pending action in rem in admiralty no defense to action in personam in State court — action pending in Federal court no defense to action in State court — jurisdiction — defense that defendant is foreign government not demurrable and may be asserted by answer — foreign government cannot be sued in our courts without its consent — general appearance does not waive objection to jurisdiction where no jurisdiction could be obtained by serving summons in this State — methods by which objection by foreign government to being sued may be raised.

It is not a defense to a cause of action *in personam* for goods sold and delivered that an action *in rem* in admiralty is pending to enforce a maritime lien for the value of the same goods.

Nor is it a defense to two causes of action *in personam* for goods sold and delivered that an action *in personam* is pending in admiralty in a United States court for the same causes of action, as the pendency of another action for the same cause in the United States courts is not available as a defense in the State courts or *vice versa.*

A defense to an action in a court of this State, which sets forth that the defendant is a department of the foreign sovereign government of Portugal which cannot be sued in any of the courts of the United States without its consent and that the defendant protests against the assumption of jurisdiction, is not demurrable, although the defendant did not appear specially but interposed an answer pleading to the merits.

A foreign government cannot be sued in the courts of this State without its consent.

The defendant did not submit to the jurisdiction of the court by serving an answer, as a voluntary general appearance is only equivalent to the personal service of a summons within the State, and, hence, waives objection to jurisdiction only in those cases in which jurisdiction could be acquired by such service; and jurisdiction of a department of the government of Portugal could not be obtained by serving a summons on any one in this State.

*It seems,* that there are several ways in which a foreign government can raise the objection to being sued. The government may appear and raise its jurisdictional claim, its accredited representative may appear and take the same steps, or the public status of the defendant may be asserted through the usual diplomatic channels.

APPEAL by the defendant, Transportes Maritimos Do Estado, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on or about the 31st day of May, 1921, sustaining plaintiff's demurrer to each of the separate defenses contained in defendant's answer.

*Frank M. Patterson* of counsel [*Howard C. Lake* with him on the brief], for the appellant.

*Celler & Kraushaar* [*Meyer Kraushaar* of counsel; *Emanuel Celler* with him on the brief], for the respondent.

PAGE, J.:

The complaint alleges three causes of action to recover for goods sold and delivered. The answer denies the material allegations of the complaint and sets up as a defense to the first cause of action that at the time of the commencement of this action there was an action in admiralty pending in the United States District Court for the Southern District of New York, in which the steamship *Murmagoa,* owned and operated by this defendant, was libelled by the plaintiff for the same cause of action. As a defense to the second and third causes of action, it is alleged that an action *in personam* in admiralty is pending in the said United States District Court for the same causes of action.

These defenses are insufficient. The action set forth in the first defense is *in rem* in admiralty, to enforce a maritime lien on the vessel, for supplies furnished, and is not the same cause of action as that set forth as the first cause of action in

the complaint herein, which is an action *in personam* to recover for goods sold and delivered. The action set forth in the second defense is *in personam*, but is not exclusively of admiralty jurisdiction.

As there is a common-law remedy for that cause of action, it may be prosecuted in the State courts. (*Kennedy* v. *Cunard Steamship Co., Ltd.*, 197 App. Div. 459, 466.) It is well settled that pendency of another action for the same cause in the United States courts is not available as a defense in the State courts, or *vice versa*. (*Oneida County Bank* v. *Bonney*, 101 N. Y. 173; *Gordon* v. *Gilfoil*, 99 U. S. 168.)

The third defense set up as against all three causes of action is a plea to the jurisdiction of the court. It is alleged that the steamships *Murmagoa*, *Santo Antao* and *Cunene* are Portuguese vessels flying the flag of Portugal, owned and operated by the defendant, and engaged in the public service of Portugal; that the defendant is and at all times mentioned in the complaint was a department of the foreign sovereign government of Portugal, a government allied with the United States in the late World War, and now at peace with the United States; and the matters set forth in the complaint relate to the management of said vessels outside the jurisdiction of the United States, and that in accordance with the Merchants Shipping Acts and international comity, the settlement of these matters should be left to the Portuguese Consul at the Port of New York. The defendant objects to and protests against the assumption of jurisdiction by this court, and alleges that it is a department of the sovereign foreign government of Portugal and cannot be sued in any of the courts of the United States without its consent, and that this action is in substance and effect an action against the government of Portugal, and as such is not maintainable against the defendant. The answer is verified by the Vice Consul General of Portugal.

The plaintiff claims that by interposing an answer pleading to the merits, and not appearing specially, the defendant has submitted itself to the jurisdiction of the court and has thereby waived the plea to the jurisdiction.

A voluntary general appearance of the defendant is equivalent to the personal service of the summons within the State

(Code Civ. Proc. § 424), and, therefore, waives the objection to jurisdiction of the court in such cases as those in which the court could acquire jurisdiction of the person if such service was made within the State.

In the case under consideration, if the defendant is a department of the government of Portugal, and we must so consider it as the demurrer admits the facts, then the courts of this State could not obtain jurisdiction by the personal service of a summons upon any one within the State. An ambassador or consul of a foreign government, in his official capacity, is immune from the service of process of our courts. Even if the executive head of the government of Portugal were within the State, service on him would not give the court jurisdiction. " It is an established principle of jurisprudence in all civilized nations that the sovereign cannot be sued in its own courts, or in any other, without its consent and permission." (*Beers* v. *State of Arkansas*, 20 How. [U. S.] 527, 529; *Nichols* v. *United States*, 7 Wall. 122, 126.) " As a consequence of the absolute independence of every sovereign authority, and of the international comity which induces every sovereign State to respect the dignity of every other sovereign State, each and every one declines to exercise by means of its courts any of its territorial jurisdiction over the person of any sovereign or ambassador of any other state, or over the public property of any State which is destined to public use   *   *   *. To implead an independent sovereign in such a way is to call upon him to sacrifice either his property or his independence. To place him in that position is a breach of the principle upon which his immunity from jurisdiction rests." (*The Parlement Belge*, 5 L. R. Prob. Div. 197, 214, 219.)

The plaintiff contends that by appearing and answering to the merits the foreign sovereign has evidenced its consent that these issues be litigated in this court. Of course, the sovereign can consent that any juridical question can be determined by any court. But such consent is entirely voluntary, and it may withdraw its consent at any time. (*Beers* v. *State of Arkansas, supra*.) If the defendant had answered by merely denying the allegations of the complaint, then there would have been force in the plaintiff's contention; but in the answer the defense of want of jurisdiction and a protest against its exercise is

embodied. Under the Code pleading, the defendant may make a general or specific denial of the material allegations of the complaint, and set forth any new matter constituting as many defenses as he has (Code Civ. Proc. §§ 500, 507), and by presenting the defenses by way of answer the defendant was in no manner, either expressly or by implication, required to abandon the facts relied upon to show that the court did not have jurisdiction over it. (*Sweet* v. *Tuttle*, 14 N. Y. 465; *Hamburger* v. *Baker*, 35 Hun, 455, 457.) The complaint did not disclose that the action was against a foreign government. It was, therefore, proper to set forth that fact by way of defense.

There are several ways in which the foreign sovereignty can raise the objection to being sued. The government might have appeared and raised its jurisdictional claim; or its accredited representative might have appeared and taken the same steps, as would appear to have been done in this case, the answer being verified by its Vice Consul General; or, if there was objection to appearing as a suitor in a foreign court, that government could present through the usual diplomatic channels the asserted public status of the defendant and the vessels, and if the claim was recognized by the executive department of this government, it might be set forth in an appropriate suggestion to the court by the Attorney-General of the United States or by some law officer acting under his direction. (*Ex parte Muir*, 254 U. S. 522, 532.) However the objection may be presented by the foreign sovereign, the court must give heed to it. The court at Special Term erred in sustaining the demurrer to the third separate defense. The order will, therefore, be modified to read as follows: " that the demurrer to the first and second separate defense contained in the answer be sustained, and the demurrer to the third separate defense contained in the answer be overruled, without costs to either party as against the other," and as modified affirmed, without costs.

Clarke, P. J., Smith, Merrell and Greenbaum, JJ., concur.

Order modified as directed in opinion, and as so modified affirmed, without costs.