# EX PARTE: IN THE MATTER OF TRANSPORTES MARITIMOS DO ESTADO, ETC., PETITIONER.

PETITION FOR WRIT OF PROHIBITION AND/OR MANDAMUS.

No. 26, Original.   Argued January 7, 8, 1924.—Decided February 18, 1924.

1. Upon the libel of a ship, for services and supplies, the District Court acquires jurisdiction of the *res*, with power to pass upon the form and substance of a claim of immunity presented by a foreign minister alleging that the ship is owned and operated by a department of his government.   P. 108.
2. The overruling of such a claim, by the District Court and Circuit Court of Appeals, is not reviewable here by prohibition and mandamus, where there was full opportunity to review in the customary way.   *Id.*

Rule discharged and petition dismissed.

PETITIONS for prohibition and mandamus, presented to this Court by the Minister of the Republic of Portugal.

*Mr. F. Dudley Kohler* for petitioner.

The power to issue writs of prohibition is given to this Court, and this remedy is assured to the petitioner by Jud. Code, § 234.   It is well settled that this remedy is not in the nature of an appeal or to take the place of an appeal.   Its purpose as issuing to a District Court, sitting as a court of admiralty, as in this case, is to prevent an unlawful assumption or exercise of jurisdiction and lies when the court is acting in excess of its jurisdiction or is taking cognizance of matters not arising within its jurisdiction.   Its office is to prevent an unlawful assumption of jurisdiction; *Ex parte Phenix Ins. Co.,* 118 U. S. 610;

*Ex parte Indiana Transp. Co.,* 244 U. S. 456; and not to correct errors or irregularities. *Ex parte Gordon,* 104 U. S. 515; *Ex parte Ferry Co.,* 104 U. S. 519; *Curtis* v. *Cornish,* 109 Me. 384; *In re Baiz,* 135 U. S. 403.

It is not necessary where the District Court has no jurisdiction of the parties or of the subject matter to carry the case to, and exhaust the remedies by, appeal. The proper remedy is by petitioning for a writ of prohibition which should issue in such a case. *In re Fassett,* 142 U. S. 479; *The Western Maid,* 257 U. S. 419; *Ex parte State of New York,* 256 U. S. 490; *Ex parte State of New York,* 256 U. S. 503; *State* v. *Colbert,* 129 La. 326; *Ex parte Indiana Transp. Co.,* 244 U. S. 456.

The rule here is that where the lack of jurisdiction in the lower court is clear it is not necessary to show that there was no remedy by appeal.

The exception to this rule of not requiring that there be no remedy by appeal is in cases where the District Court may have had in the first instance some jurisdiction or reasonable grounds for believing that it had jurisdiction, that is where the question of jurisdiction might be doubtful or in cases which are of such a character as those of which the Court might ordinarily have jurisdiction.

The petitioner is entitled to a writ of prohibition as a matter of right. *Iberia, etc., R. R. Co.* v. *Morgan's S. S. Co.,* 129 La. 492; *In re Fassett,* 142 U. S. 479; *Smith* v. *Whitney,* 116 U. S. 167; *Ex parte Chicago, etc., Ry. Co.,* 255 U. S. 273; *Ex parte Phenix Ins. Co.,* 118 U. S. 610; *Ex parte Indiana Transp. Co.,* 244 U. S. 456; *In re Rice,* 155 U. S. 396; *In re Cooper,* 143 U. S. 472.

The lack of jurisdiction of the District Court is unquestionably clear. That this is a suit against a sovereign government at peace with the United States is evident. *Ex parte State of New York,* 256 U. S. 490.

*Mr. E. Curtis Rouse* for respondents.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

By this original petition the duly accredited Minister of the Republic of Portugal asks for the writ of prohibition or *mandamus* to prevent further action in the proceeding instituted by Stephen Ransom Dry Dock & Repair Corporation in the District Court at New York, April 14, 1921, to enforce payment for services and materials furnished the *Sao Vicente*. Recognizing the high consideration always due diplomatic representatives of friendly nations, we entertained the petition and directed a rule to show cause why relief should not be granted. The return is here and, after hearing oral argument, we think the court below acted within its jurisdiction and with due regard to the rights of all concerned.

The original libel *in rem,* filed April 14, 1921, claimed for supplies and labor furnished the *Sao Vicente* and prayed for condemnation and sale of the vessel. April 15th Transportes Maritimos do Estado intervened as the true owner having possession when process issued; the customary stipulation for value, bond and release of the ship followed.

Answering by proctor, May 31, 1921, the vessel denied liability and objected to the jurisdiction because it was " owned and operated by Transportes Maritimos do Estado, a department of the sovereign foreign government of Portugal as aforesaid, and that it cannot be sued in any of the courts of the United States without its consent and that this action is in substance and effect an action against the government of Portugal and as such is not maintainable against this respondent." An interlocutory decree of June 9, 1923, directed the master to ascertain the amount due.

July 5, 1923, the present petitioner filed a formal suggestion. He stated that the general appearance by

counsel retained by the Vice Consul General of the Republic of Portugal was unauthorized by his government and that the vessel was owned and operated by Transportes Maritimos do Estado, a department of the sovereign government of Portugal. He protested against exercise of jurisdiction by the court and asked that the proceedings be dismissed. The Secretary of State gave no sanction or approval to this course, but certified the diplomatic position of the Minister. Upon motion the suggestion was stricken from the files. Final judgment for the libellant followed and, upon appeal, the Circuit Court of Appeals affirmed this with interest and damages, October 1, 1923. No proper steps were taken to secure an orderly review by this court.

Plainly the trial court obtained jurisdiction over the *res* and, in the absence of any claim of immunity, it would have been required to render judgment. It had power to consider and pass upon both form and substance of any objection to its jurisdiction because of ownership and to decide whether it should proceed under the circumstances. There was a plain way to seek review here if the defeated party had so desired.

We find no adequate ground for granting the extraordinary relief now asked. There has been ample time and opportunity for advancing the claim of immunity in the customary manner. *Ex parte Muir,* 254 U. S. 522; *The Pesaro,* 255 U. S. 216, 218, 219; *Ex parte Hussein Lutfi Bey,* 256 U. S. 616, 619.

*Rule discharged and petition dismissed.*