### TERMINAL R. ASS'N OF ST. LOUIS v. MOORE, Judge.

No. 12974.

Circuit Court of Appeals, Eighth Circuit.

Oct. 19, 1944.

Arnot L. Sheppard, Louis A. McKeown, and Joseph A. McClain, Jr., all of St. Louis, Mo., for petitioner.

William H. DeParcq and Robt. J. McDonald, both of Minneapolis, Minn., Harvey B. Cox, of Washington, D. C., and C. A. Randolph, of Kansas City, Mo., for respondent.

Before STONE, Circuit Judge, and REEVES, District Judge.

PER CURIAM.

A personal injury action by A. T. Schorb against Terminal Railroad Association of St. Louis is pending in the Eastern District of Missouri. Therein, plaintiff moved for "Discovery and Production of Document and for Permission to Copy Same," describing the desired matter as "any statement or statements given by plaintiff to any

claim agent or other employee of defendant, whether it shall be a statement signed by plaintiff or a statement taken stenographically in question and answer form and not signed by plaintiff, or both." The motion was sustained in an order requiring production of and permission to make copies of "Any statement or statements concerning an accident which occurred in the yard of Defendant at East St. Louis, Illinois, at about the hour of 10:28 A.M. on September 11th, 1943, wherein Plaintiff was injured, given by Plaintiff to any Claim Agent or other employee of Defendant, whether it be a statement signed by Plaintiff or a statement taken stenographically in question and answer form and not signed by Plaintiff, or both; and also any written document of any kind in Defendant's possession which purports to be Plaintiff's statement or account of the occurrence of the aforesaid accident, or any statement made by Plaintiff of any of the facts pertaining to the cause or occurrence of said accident or the injuries sustained as a result of said accident, whether said statement or statements be signed or unsigned by Plaintiff and in whatsoever form be made".

Thereupon, the Terminal filed in this Court a petition for the writ of prohibition challenging the above order. Since the trial day of the personal injury action is set for less than a week away, the parties have agreed to proceed informally in order not to postpone the trial and the Court has, under the circumstances, accommodated itself to the situation. The parties submit the matter on the petition for the writ and its attached exhibits which are the motion, a supporting affidavit and the order thereon. Counsel have ably presented their views orally and by memoranda of authorities handed to the Court.

Obviously, the motion and order thereon are controlled by Rule 34(1) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which empowers the trial court to "order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control."

The issues before us have to do with the jurisdiction of this Court to accord the remedy of prohibition in this situation; and, if such jurisdiction exists, the propriety of its exercise here. Speaking generally, these issues depend upon principles of importance in practice and procedure. They merit a full consideration of the powers of this Court in this respect and of the scope of Rule 34. However, the pressure of the imminence of the trial of the personal injury action precludes any such full consideration and we confine our determination as narrowly as possible to dispose of the case before us.

■ We refrain expressly from determining the jurisdiction of this Court to control, by prohibition, the action of a trial court taken under Rule 34, although that jurisdiction is by no means free from doubt,[1] yet we assume its existence purely for the purposes of early disposition of this case because we are clearly of the opinion that the writ should not, for other reasons, issue.[2]

■ The motion and order are narrowly confined to statements made by the plaintiff in the injury suit, concerning the accident or his injuries, to any employee of the defendant therein. Clearly such statements are not privileged. Whether such statements "constitute or contain evidence material to any matter involved in the action" depends upon the character of the statements and the use sought to be made of them at the trial of the injury action. The most which can be properly said against the order—and we do not intimate such—is that it is of doubtful propriety; or, expressing the thought otherwise, that the jurisdiction to enter it is doubtful. Even where there is clear jurisdiction in the appellate court to issue the writ of prohibition, it will not issue if "the jurisdiction of the lower court is doubtful." Ex parte Chicago, R. I. & P. R. Co., 255 U.S. 273, 275, 279, 41 S.Ct. 288, 289, 65 L.Ed. 631; Ex parte Muir, 254 U.S. 522, 534, 41 S.Ct. 85, 65 L.Ed.

---

[1] Keaton v. Kennamer, 10 Cir., 42 F. 2d 814, 815, 816.

[2] Where there is doubt as to the propriety of issuing the writ, "it is admissible, and is common practice, to pass the question of power and to deny the writ because without warrant in other respects". Ex parte Bakelite Corporation, 279 U.S. 438, 448, 49 S.Ct. 411, 412, 73 L.Ed. 789.

383; Ex parte Hussein Lutfi Bey, 256 U.S. 616, 619, 41 S.Ct. 609, 65 L.Ed. 1122; Ex parte United States, 263 U.S. 389, 393, 44 S.Ct. 130, 68 L.Ed. 351.

The writ is denied and the petition therefor dismissed.