F & F Laboratories, Inc., Appellee, v. Chocolate Spraying Company, Inc., Leo Latini et al., Appellants.

Gen. No. 46,579.

First District, Third Division.

June 22, 1955.

Released for publication July 15, 1955.

Harry C. Alberts, of Chicago, for appellants; Morgan, Halligan & Lanoff, of Chicago, of counsel.

Herbert Portes, and Jason N. Gesmer, both of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff filed its complaint in equity for an accounting and damages, arising out of an alleged breach of confidential disclosures, and breach of a certain license agreement. The corporate defendant and defendants Latini filed an answer and counterclaim. Defendant Alberts filed a motion to strike the complaint as to him. Plaintiff filed a motion to dismiss the counterclaim under Section 48, subsection 1 (d) of the Civil

* See Callaghan's Illinois Digest, same topic and section number.

Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 172, subd. (1)(d); Jones Ill. Stats. Ann. 104.048, subd. (1)(d)], which provides that a motion to dismiss may be made on the ground "that there is another action pending between the same parties for the same cause." Subsection 2 provides:

"A similar motion may be made by the plaintiff in case of a counterclaim, under similar circumstances."

The motion disclosed that there was a prior action brought by counterclaimants in the District Court of the United States at Chicago, in which plaintiff was made defendant, and involved the same subject matter set up in the counterclaim. The parties upon this appeal are agreed that the suit in the Federal court involved the same parties and subject matter set up in the counterclaim.

The trial court sustained the motion to dismiss the counterclaim and entered an order accordingly, from which order this appeal is prosecuted.

The question presented upon this appeal, which seems to be of first impression in this State, is whether the section of the Practice Act referred to governs a prior action pending in the Federal court.

■ Counterclaimant points out that our provision is copied from the New York Practice Act, and argues that the construction previously placed on the statute by the courts of New York is treated as part of our enactment, relying upon Hansen v. Raleigh, 391 Ill. 536, where it was said (p. 549):

"When a statute is adopted from another State, the judicial construction previously placed on the statute by the courts of that State accompanies it, and is treated as incorporated therein. (2 Lewis' Sutherland on Stat. Const. 2d ed. sec. 404; People v. Linn, 357 Ill. 220.) There is no expression or manifestation of a legislative intent that the provisions of section 48 were not enacted in the light of the construction given them by the courts of the State of New York."

301

■■■■■■■■

The provision of Section 48, considered in the Hansen case, was not the one here involved. The New York cases cited by counterclaimants, construing the New York statute (Continental Record Co., Inc. v. Scranton Record Co., 272 App. Div. 998, 73 N.Y.S.2d 835, decided by that court in 1947 without opinion, which affirmed the decision of the lower court in 61 N.Y.S.2d 95, decided in 1946; Zenie v. Miskend, 245 App. Div. 634 (1936), affirmed by the New York Court of Appeals in 270 N. Y. 636; and Schiff v. RKO Pictures Corp. (Misc.), 127 N.Y.S.2d 207 (1953)) are cases decided after our enactment, and therefore do not come within the rule of construction announced in Hansen v. Raleigh, supra.

■ It will be noticed that our provision with respect to prior action pending does not limit it to actions pending in this jurisdiction or in our State, but is broad enough to include prior actions pending anywhere, including the Federal courts. Had the Legislature intended to limit the provision to prior actions pending in the same jurisdiction or in the State, it could have expressed it in simple language. The language in our provision is so plain that construction seems unnecessary. It appears to us that the Legislature clearly intended to prevent pending repetitious suits between the same parties for the same subject matter. The provision is intended to relieve litigants of the burden of defending two separate actions and to relieve our courts of the unnecessary burden of trying issues pending in a prior action in another jurisdiction. We think that the reasoning and logic, which permits our courts to refuse to take jurisdiction of a cause under the doctrine of forum non conveniens, where no question of prior action pending is involved, is clearly applicable here.

■ In Whitney v. Madden, 400 Ill. 185, 189, our Supreme Court had occasion to say:

" . . . if the bringing of the action unduly bur-

dens the defendant or cause him great and unnecessary inconvenience, or unnecessarily burdens the court, the trial court may, in its discretion, decline the jurisdiction of the case, even though it may have proper jurisdiction over all parties and the subject matter involved. This is the doctrine of forum non conveniens. The Federal courts have recognized the application of this doctrine and have found it not repugnant to section 2 of article IV, and section I of the fourteenth amendment of the constitution of the United States."

■ If, under the doctrine of forum non conveniens, not governed by any statute, we have authority to close our forum to litigants, then it seems to us there are stronger reasons for closing our forum to counterclaimants when we have statutory authority granted in the instant enactment.

The burden to the litigant and to the court, referred to in the Whitney case, is more obvious in the instant case. Counterclaimants had their choice of prosecuting their claim in the Federal court, or dismissing it and litigate the counterclaim.

If plaintiff could be compelled to defend in both cases, there is the possibility it might be confronted with conflicting decisions of the two courts. What was said in Harris v. Pullman, 84 Ill. 20, 27, should hold true here. It was there said:

"The courts there might reach a different conclusion, and, having control of the property, there would be no difficulty in enforcing their decrees.

"It would seem too plain to admit of argument, that a court whose decree will leave a party in peril of being subjected to another and, it may be, directly opposite decree or judgment in regard to the same property, in a different jurisdiction, is not in a condition to do complete justice in the case, and should, therefore, decline to entertain jurisdiction.

"The record discloses the same litigation is pending in the Colorado courts."

303

We think the court was correct in dismissing the counterclaim, and accordingly the order is affirmed.

Affirmed.

KILEY, P. J. and LEWE, J., concur.