Consolidated Construction Company, Inc., a Corporation, Plaintiff-Appellant, v. Malan Construction Corp., a Corporation, et al., and City of Chicago, a Municipal Corporation, Defendants-Appellees.

Gen. No. 48,769.

First District, Third Division.
June 5, 1963.
Supplemental Opinion, July 17, 1963.
Rehearing denied July 17, 1963.

Leon J. Garrie, of Chicago (Harvey Goldstein, of counsel), for appellant.

John C. Melaniphy, Corporation Counsel, of Chicago (Sydney R. Drebin and Robert J. Collins, Assistant Corporation Counsel, of counsel), for appellee, City of Chicago. Concannon, Dillon, Snook & Morton, of Chicago (Herbert Morton and Louis Bacon, of counsel), for appellee, Malan Const. Corp.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

Consolidated Construction Co. was a subcontractor engaged by the defendant, Malan Construction Corp. Malan had an $18,366,000 contract with its codefendant, the City of Chicago, for the erection of terminal buildings at Chicago-O'Hare International Airport. Consolidated claimed it was not fully paid for work done and material furnished and, after serving a lien upon the City for $1,153,330.16, brought this action in the Circuit Court of Cook County against Malan and the City. The defendants Feldman are described in the complaint as the sole stockholders of Malan; no distinction between them and Malan will be made in this opinion.

Consolidated had previously filed a complaint against the same defendants in the United States District Court for the Northern District of Illinois. That complaint was later amended to eliminate the City as a defendant. The eighteen-count complaint in the United States District Court, as amended, and the eighteen-count complaint in the Circuit Court, are identical as to Malan, but three counts of the Circuit Court complaint include the City as well as Malan. These three counts are 1, 10 and 13.

The City moved to dismiss upon the ground that it was neither a necessary nor a proper party. Malan moved to dismiss on the ground that a prior action was pending against it in the Federal Court. The trial court sustained the City's motion and then, with the City out of the suit, sustained the Malan motion be-

cause the action in the Federal Court involved the same parties and the same subject matter.

The principal issue presented is the propriety of the order dismissing the City. There are many reported cases in Illinois of suits by subcontractors against prime contractors in which municipal corporations have been joined as defendants but, as far as we know, this is the first case where the right to do so has been challenged.

■ The controversy centers around section 23 of the Mechanics' Lien Act (Ill Rev Stats, 1961, c 82, § 23) which is the only section of the Act providing for liens against municipalities. The lien is upon the public funds due a contractor and is not upon the improvement for which the work and materials were furnished. This is in contrast to other sections of the Act where the lien is upon the improvement and the real estate, not upon the money due the contractor from the owner of the property improved. Standard Oil Co. of Indiana v. Vanderboom, 326 Ill 418, 158 NE 151; Alexander Lumber Co. v. City of Farmer City, 272 Ill 264, 111 NE 1012. Because section 23 is specifically directed to liens upon public funds, cases holding that liens cannot be enforced against a municipal corporation (e. g. attorney liens) have no application. Cf. Brazil v. City of Chicago, 315 Ill App 436, 43 NE2d 212; Marks v. Checker Taxi Co., 21 Ill App2d 124, 157 NE2d 430.

Section 23 provides, in brief, that: anyone who furnishes material or labor to a contractor who has a contract for public improvements, shall have a lien on the money due such contractor, provided, before payment has been made to the contractor, he notifies the municipality of his claim and within sixty days thereafter files a complaint for an accounting making the contractor a party defendant, and serves a copy of the complaint upon the proper public officials.

If this procedure is followed, the municipality shall withhold the amount claimed until the final adjudication of the suit, or if it wishes it may turn over the amount of the claim to the clerk of the court in which the suit is pending. There are like provisions for quasi-municipal corporations, and for the State.

In support of the trial court's order, Malan—whose brief the City adopted and to whom the City deferred in oral argument in this court—argues that it is the public policy to prevent municipalities from being involved in private litigation and that section 23 reflects the legislative intention to exclude them from this particular type of litigation. Malan points out that section 23 states that a complaint for an accounting must be filed against the contractor, and says nothing about suing the municipality; that it states that a copy of the complaint shall be given the municipality and that this provision would be superfluous if it were contemplated that the municipality should be a defendant; that the same procedure is provided for municipal corporations as for the State, and since the State cannot be sued, it was intended that the municipality should not be; that if a lien has been served, the municipality becomes a mere stakeholder whose duty, to disburse the funds in question, is contingent upon the result of the subcontractor's suit against the contractor and therefore no suit against the municipality is necessary because it is to be presumed that public officers will do their duty. Argued also as indicative of the legislative intent is a change made in section 23 by an amendment adopted in 1937. Malan seeks to read into the present statute a prohibition against including the City as a party defendant. It does this by contrasting the statute before and after the 1937 amendment. Prior to 1937 the section provided that "any of the parties interested may institute suit"; the elimination of these words is said

to show that the legislature intended the municipality should not be a litigant.

 These arguments are persuasive as to why a municipality is not a necessary party to a suit of this kind, but they are not persuasive as to why a municipality is not a proper party. First of all, there is no prohibition in our law against suing a municipal corporation and section 23 does not prohibit this by implication. Although the policy of the law is not to involve governmental bodies in private litigation, the party directly affected by a suit of this kind is the contractor and not the municipality. A suit of this nature does not infringe upon the rights of a municipality (Gunther v. O'Brien Bros. Const. Co., 369 Ill 362, 16 NE2d 890) and is of little burden to it. Even this slight burden can be avoided by the municipality depositing the liened funds with the clerk of the court. If a municipality could not be made a defendant, there is little reason for the provision that it may turn the liened funds over to the clerk. The only utility of this provision seems to be that it would relieve the municipal-defendant of a further participation in the suit.

A suit in equity against both the contractor and the municipality has been called "the subcontractor's principal and most common remedy" to enforce his lien (Love, Illinois Mechanics' Liens, 2d Ed, 1950, p 438) and the changes made in the Liens Act in 1937 do not indicate a legislative intent to deprive a subcontractor of this traditional remedy. The elimination of the provision that "any of the parties interested may institute suit," and the present requirement that the subcontractor must bring the action, only places the burden of instituting the suit where it rightly belongs: upon the claimant. Another provision was also eliminated in 1937. Prior to 1937 the statute placed an affirmative duty upon the munici-

277

pal official who was notified of the lien not only to withhold sufficient money to pay the claim but "to pay the amount so determined to be due such claimant." The deletion of this latter provision emphasizes the need to preserve the subcontractor's privilege of including the municipality in his suit.

Both the subcontractor and the municipality profit from this inclusion; the contractor suffers no harm. The subcontractor has no recourse against a municipality except through section 23. Liens cannot be enforced against public buildings, improvements or property, as public policy forbids execution upon such property. The municipality benefits by avoiding a multiplicity of suits and by the right to settle in one suit many difficulties that could arise as a result of a lien, such as: (a) if the contractor has already been paid; (b) if less money remains to be paid him than the subcontractor claims; (c) if there is a dispute over the amount that the municipality owes the contractor because of a default on his part, incompletion of his work, or because of the municipality's right to reserve payment in order to guarantee faithful performance of his work; (d) if the contractor has assigned part or all the money due him and if the rights of assignees are involved; (e) if the lien would compel the city to pay more than the contract price; or (f) if other liens are filed and a pro rata division with court approval is advisable.

Joinder of defendants is controlled by section 24 of the Civil Practice Act. (Ill Rev Stats, 1961, c 110, § 24(1), (2).) Parties may be joined when it is necessary that they be in the case for the complete determination or settlement of any question involved, and parties may be joined who are "alleged to have or claim an interest in the controversy, or in any part thereof" or "against whom a liability is asserted either jointly, severally or in the alternative aris-

278

ing out of the same transaction or series of transactions, regardless of the number of causes of action joined. It is not necessary that each defendant be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him." As in the joinder of plaintiffs, the objective is economy of actions and trial convenience. City of Nokomis v. Sullivan, 14 Ill2d 417, 153 NE2d 48. Certainly the scope of section 24 is wide enough to include joining the City in the present action. To hold otherwise would thwart the liberal construction provided for by the Practice Act: ". . . to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." Ill Rev Stats (1961) c 110, § 4.

■■■ When Consolidated filed its lien it took the first step to secure payment by the City of its claim against Malan. When its suit was filed in the Federal Court it took the second step. It could have taken the third by serving a copy of the complaint upon the City. If it had taken the latter step it would have done all that was required to have fully protected itself: the City would have been obligated to withhold the amount claimed until the outcome of the case, and if it did not it would be liable for any wrongful payment (People v. Village of Bradley, 367 Ill 301, 11 NE2d 415) and furthermore, any officer of the City who failed to observe his duty in this regard would be liable on his official bond (Mechanics' Lien Act, § 23). By starting a second case and including the City as a defendant, Consolidated did what was unnecessary but not what was unauthorized. Section 23 gave the subcontractor access to the City's funds; the City has a continuing interest in the funds which have been liened and this interest will not end until the funds are distributed in accordance with the outcome of the litigation. The City is a proper party to

279

the case and the court's dismissal of count 1 of the complaint—which sought to establish the lien filed with the City—was error.

In count 10 the plaintiff asked for a declaratory judgment and set forth five subjects in dispute between itself and Malan, only one of which involved the City. The latter was the allegation that the City held in trust, or as bailee for the plaintiff, the proceeds of the bonds sold to finance the airport. Count 13 asked for an accounting from both Malan and the City of the "large sums of money which are held in trust by said defendants, and each of them, for the benefit of plaintiff." The court stated in the order dismissing these counts that section 23 imposed no trust upon any specific money. Although the plaintiff urged in oral argument in this court that this was error, it did not include this point as a reason for reversal among the Points and Authorities in its brief. Rule 7, IV, of the rules of this court provides: "No alleged error or points not contained in the brief shall be raised afterwards, either by reply brief or in oral or printed argument or on petition for rehearing." Because of this the point will not be reviewed. The order dismissing counts 10 and 13, as to the City, is affirmed.

There remains for consideration the dismissal of the complaint as to Malan. Malan's motion was based on section 48(1)(c) of the Civil Practice Act (Ill Rev Stats, 1961, c 110). This section provides that:

> "(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds . . . :
>
> ". . .
>
> "(c) That there is another action pending between the same parties for the same cause."

This provision (which was then subsection (1)(d) of section 48) was interpreted in F & F Laboratories, Inc. v. Chocolate Spraying Co., Inc., 6 Ill App2d 299, 127 NE2d 682 (1955), a case similar to the one at bar, where a counterclaim filed in the Superior Court of Cook County was dismissed by the trial court because a prior action was pending in the Federal District Court involving the same parties and subject matter. The Appellate Court affirmed, holding that section 48(1)(d) was "broad enough to include prior actions pending anywhere, including the Federal courts."

Before the enactment of the Civil Practice Act the objection to a second suit because of a prior pending action would have been raised by a plea in abatement. Hansen v. Raleigh, 391 Ill 536, 63 NE2d 851; 16 Chicago-Kent LR 118 (1938). The opinion in F & F Laboratories was counter to the long prevailing rule that abatement of a second suit could not be had if the earlier action was pending in another state or in a court of the United States. McJilton v. Love, 13 Ill 486 (1851); Holbrook v. Ford, 153 Ill 633, 39 NE 1091 (1894); Illinois Life Ins. Co. v. Prentiss, 277 Ill 383, 115 NE 554 (1917); 34 Chicago-Kent LR 178 (1956). The Supreme Court granted leave to appeal in the F & F Laboratories case but the issue (whether the legislature intended by the enactment of section 48(1)(d) to grant a right to dismiss irrespective of the jurisdiction in which the prior action was pending, or merely intended to codify the common law by substituting a motion for the traditional plea in abatement) was not reviewed because the case was settled and the appeal abandoned.

It also becomes unnecessary for us to consider the issue, because the situation now differs from what it was when the trial court—in a ruling which was in accord with the F & F Laboratories opinion—sustained Malan's motion to dismiss. The City had been

281

eliminated from the case at the time the trial court dismissed the action against Malan; with the City reinstated, the case in the Circuit Court becomes a different lawsuit than the one in the Federal Court. There are two separate causes of action with different parties and issues—one to establish the liability of Malan on the contract and the issues related thereto, and the other primarily to enforce a lien. Both of these suits could be maintained at the same time even if they were in Illinois courts. This is made clear by cases in the private lien enforcement area.

Erikson v. Ward, 266 Ill 259, 107 NE 593, was an action upon a building contract. On appeal one of the many issues raised was the assertion that the trial court had erred in denying defendant's motion to dismiss or abate the suit on account of the pendency of a prior mechanics' lien suit. In affirming the trial court's refusal, the court noted the following:

> "The court did not err in overruling defendant's motion to dismiss or abate the suit in this case on account of the pendency of the mechanic's lien suit. They were concurrent remedies, and a recovery and satisfaction in one case would operate as a bar to the other."

In Rockwood Sprinkler Co. v. Phillips Co., 265 Ill App 267, the court stated the following:

> "A mechanic's lien proceeding is in the nature of a proceeding in rem. The proceeding, under the statute, is additional or cumulative of such other remedies for the enforcement of the contract out of which the lien arises, as the party may have either against the person or property. Independently of the lien given by the statute, a creditor may enforce his contract in any appropriate common law action, but can have one satisfaction only."

See also 1 ILP, Abatement, sec 29; 1 Am Jur2d, Abatement, Survival and Revival, sec 31, p 70.

In conformity with our holding that the City is a proper party and should not have been dismissed, it follows that the action against Malan should not have been dismissed. Therefore, the order of the court in dismissing the City from count 1 and the order dismissing the complaint as to Malan are reversed. The order dismissing the City from counts 10 and 13 is affirmed. The cause is remanded for such further proceedings as are not inconsistent with the views herein expressed.

Affirmed in part, reversed in part and cause remanded with directions.

SCHWARTZ and McCORMICK, JJ, concur.

SUPPLEMENTAL OPINION

Malan's petition for rehearing says, "It is not clear from the Opinion what disposition this Court makes of Counts 2 through 18 or what this Court's directions may be with reference thereto upon remand of the cause." Further, the argument is renewed that these counts should be dismissed under the interpretation given section 48(1)(c) of the Civil Practice Act in F & F Laboratories, Inc. v. Chocolate Spraying Co., Inc., 6 Ill App2d 299, 127 NE2d 682.

We thought the following statements in our opinion were sufficiently plain:

> "In conformity with our holding that the City is a proper party and should not have been dismissed, it follows that the action against Malan should not have been dismissed."

> "Therefore, the order of the court in dismissing the City from count 1 and the order dismissing the complaint as to Malan are reversed."

If further clarification is necessary our decision is: the entire action against Malan, including counts two through eighteen, should not have been dismissed and the order dismissing the complaint, including counts two through eighteen of the complaint, as to Malan, is reversed.

The petition for rehearing is denied.

SCHWARTZ, PJ and McCORMICK, J, concur.