## Sherman H. Skolnick, Plaintiff-Appellant, v. Charles T. Martin, et al., Defendants-Appellees.

### Gen. No. 49,148.

First District, Fourth Division.

March 4, 1964.

Sherman H. Skolnick, Pro Se, and Peter S. Sarelas, of Chicago, for appellant.

Frank Glazer, of Chicago, for appellees, Lilly and Perrigo. Bell, Boyd, Lloyd, Haddad & Burns, all of Chicago, for appellee, Martin.

MR. JUSTICE McCORMICK delivered the opinion of the court.

Sherman H. Skolnick, plaintiff, takes this appeal from an order entered in the Superior Court of Cook County on March 28, 1962, dismissing plaintiff's suit at plaintiff's costs, and denying plaintiff's motion to file an amended complaint.

In dismissing plaintiff's suit, the trial court sustained the motion of the defendants on the ground "that there is presently pending in the United States District Court for the Northern District of Illinois, Eastern Division, another action between the same parties, with the same alignment of parties, for the same alleged cause." The background of the action is as follows:

On May 23, 1958, the plaintiff filed a civil damage action in the Circuit Court of Cook County, Illinois (58–C–7219) wherein defendants were the stock brokers of the plaintiff and a breach of an alleged oral trust in handling plaintiff's transactions in the stock market was charged. Charles T. Martin, one of the defendants herein, was an attorney for the defendants in that case. On January 7, 1960, the defendants in that case took plaintiff's deposition. In the instant litigation the plaintiff filed on January 4, 1962, an action in the United States District Court against Martin, Lilly and Perrigo, hereafter referred to as defendants, and another suit in the Superior Court of Cook County, Illinois, against the same defendants. In both of his complaints the plaintiff charged the defendants with the same alleged physical injuries said to have been caused by the same improper conduct on the part of the defendants in the taking of the deposition.

The suit filed in the Superior Court of Cook County could be denominated as a common law action for willful and malicious trespass and malicious abuse of deposition process. The suit filed in the Federal Court is based on an alleged violation of plaintiff's civil rights as set out in the federal statutes relating to civil rights, 42 USCA §§ 1981–1988. No question of diversity of citizenship arises in the case. The defendants filed a motion to dismiss the suit in the

Superior Court of Cook County under and by virtue of Section 48(1)(c) of the Illinois Civil Practice Act (Ill Rev Stats, 1961, c 110). That section provides that:

> "Involuntary dismissal based upon certain defects or defences. (1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

> ". . . (c) That there is another action pending between the same parties for the same cause. . . ."

On March 28, 1962, the Superior Court of Cook County dismissed plaintiff's case. Plaintiff then took an appeal to the Illinois Supreme Court on the ground that his constitutional rights had been interfered with by the fact that the trial court construed Section 48(1)(c) to apply to another action pending in the Federal Court and alleged that the plaintiff was deprived of due process under the appropriate sections of the Constitutions of the United States and of Illinois.

■ ■ Upon the motion of defendants, and without writing an opinion, the Illinois Supreme Court transferred the case to this court. The plaintiff had apparently severed his connection with the attorney who had represented him in the trial court and in the Illinois Supreme Court, and in this court filed a reply brief pro se, and orally argued the case himself. In his reply brief the plaintiff asked that this court retransfer the case to the Illinois Supreme Court, or that this court pass upon the constitutional questions involved, or that the judgment be reversed and the cause

remanded. We have no power either to transfer the case back to the Illinois Supreme Court or to pass upon any constitutional questions therein involved. A direct appeal to the Supreme Court lies only in cases involving a substantial constitutional question [ILP Courts, § 161], and the cases so holding are legion. See cases cited under section 161 ILP. The Appellate Court has no jurisdiction generally to construe the Constitution. See section 163 ILP and cases therein cited. To attempt to re-transfer the case back to the Supreme Court would be in effect an attempt to reverse a ruling of the Supreme Court. It has been held that by taking an appeal to the Appellate Court the appellant waived his right to have a determination on a constitutional question. Section 163 ILP and cases therein cited. We believe that this principle would not apply to a case such as the case before us in which the transfer to this court was ordered by the Supreme Court. Furthermore, in the New and Amended Rules of the Supreme Court, which went into effect on January 1, 1964, Rule 28–1, subd D provides that the taking of an appeal to either the Supreme Court or the Appellate Court shall not be deemed a waiver of the right to press any issue in the appropriate court.

In this court the defendants cite and rely on F & F Laboratories, Inc. v. Chocolate Spraying Co., Inc., 6 Ill App2d 299, 127 NE2d 682. This was a case brought into the First District of the Appellate Court of Illinois. The opinion was handed down June 22, 1955. In that case the court interprets what is now chapter 110 of section 48(1)(c), and the court holds that under that section a suit was properly dismissed in the Superior Court of Cook County when there was a suit involving the same parties and the same subject matter pending in a federal court. This provision that a suit could be dismissed on motion when there

was another suit involving the same subject matter and parties pending in another court was a part of the first Practice Act adopted by the legislature in 1933. Prior to that time a modified form of common law pleading prevailed in the state. The objection that another suit was pending could only properly be raised by a plea in abatement. In ILP Abatement, § 31, it is stated that there is no ground for the abatement of the proceeding in a state court merely because another action is pending in a court of the United States. The leading case is Illinois Life Ins. Co. v. Prentiss, 277 Ill 383, 115 NE 554. The question passed on in that case is as to whether or not a circuit court in Illinois could enjoin a person, within the jurisdiction of the court who had brought a suit in a circuit court, from bringing another suit on the same subject matter in another state. The court held that under certain circumstances a court of equity has the power to issue such an injunction, but that it is a limited right and can only be brought where the action in the foreign state will result in fraud, gross wrong or oppression, and in support of that holding cites Royal League v. Kavanagh, 233 Ill 175, 84 NE 178. The court also, by way of dictum, on page 387 says:

"A party has the legal right to bring his action in any court which has jurisdiction of the subject matter and which can obtain jurisdiction of the parties. Should he begin two suits within the same jurisdiction, the pendency of the suit first brought may be pleaded in abatement of the later proceeding. This is not true of suits brought in different jurisdictions upon the same cause of action. The mere pendency of a suit in a sister State or in a court of the United States cannot be pleaded in abatement of a proceeding in a State court."

171

In the F & F Laboratories case the court says that the question is whether the section of the Practice Act referred to governs a prior action pending in a federal court, and the court points out that the case is one of first impression. The court properly states that the provision in our Practice Act was based on certain New York Rules of Civil Practice. In Jenner and Tone Historical and Practice Notes, Smith-Hurd Ann St ch 110, § 48, the same statement is made, and the pertinent provisions of the New York Rules of Civil Practice are set out in full. The court further properly states that when a statute is adopted from another state the judicial construction previously placed on the statute by the courts of that state accompanies it, and is treated as incorporated therein, and cites cases in support thereof. The court then says, "There is no expression or manifestation of a legislative intent that the provisions of section 48 were not enacted in the light of the construction given them by the courts of the State of New York." The only cases to which the attention of the court was called were New York cases which were decided after the adoption of the Practice Act in Illinois. The court did not consider Oneida County Bank v. Bonney, 101 NY 173, 4 NE 332, a case decided by the Court of Appeals of New York in 1886 before the adoption of the New York Rules of Civil Practice, in which case it was held that at common law the pendency of another suit could be pleaded in abatement, but where the former action is in a court of the United States or a sister state, it is no stay or bar to a suit in the courts of New York. The cases decided in New York after the adoption of the practice statute in that state follow the rule announced in the Oneida case and in many instances cite the case as authoritative. See De Simone v. Transportes Maritimos Do Estado, 199 App Div 602, 191 NYS 864, rehearing denied, 200 App Div

82, 192 NYS 815; Roosevelt Field, Inc. v. Town of North Hempstead, 197 Misc 621, 95 NYS2d 126; Ackert v. Ausman, 29 Misc2d 974, 218 NYS2d 814. Further, Schiff v. RKO Pictures Corp., 127 NYS2d 207, held that the Oneida case was authority for the rule that the provisions of the New York Rules of Civil Practice, with reference to dismissal for another cause pending, applied only to actions pending in courts of the State of New York, notwithstanding similarity of parties and cause. In the latter case the court cites General Inv. Co. v. Interborough Rapid Transit Co., 200 App Div 794, 193 NYS 903, affd 235 NY 133, 139 NE 216, and Continental Record Co., Inc. v. Scranton Record Co., Sup, 61 NYS2d 95, affd 272 App Div 998, 73 NYS2d 835.

In Rogge v. Menard County Mut. Fire Ins. Co., 184 F Supp 289 (SD Ill 1960), the court holds that it is well settled that the plaintiff has the right to bring an action in both courts, and cites 1 Am Jur, Abatement and Revival, § 40. The court also holds that the doctrine of forum non conveniens is inapplicable. Also see Liberty Mut. Ins. Co. v. Pennsylvania R. Co., 322 F2d 963 (7th Cir 1963). The court in the F & F Laboratories case draws an analogy between the doctrine of forum non conveniens and its interpretation of the section. An article referring to the case in 34 Chicago-Kent L Rev 178, sarcastically says that such analogy was the exercise by the court of a degree of ingenuity. In Am Jur2d, Abatement, Survival and Revival, § 18, it is said:

> "Generally speaking, the federal and state courts that have concurrent jurisdiction over civil actions may be considered as courts of separate jurisdictional sovereignties, and the pendency of a personal action in either a state or a federal court does not entitle the defendant to abatement of a like action in the other."

173

And in 1 CJS Abatement and Revival, § 67, it is said that where an action is brought for the same cause and between the same parties in the federal court, it is not ground for abating a subsequent action in a state court; and that is particularly true where the parties or causes of action and issues, or relief sought, are not the same in both actions. This question was discussed by this court in Consolidated Const. Co. v. Malan Const. Corp., 42 Ill App2d 272, 192 NE2d 263, where Mr. Justice Dempsey says at 42 Ill App2d 280, 192 NE2d 268: "There remains for consideration the dismissal of the complaint as to Malan. Malan's motion was based on section 48(1)(c) of the Civil Practice Act (Ill Rev Stats, 1961, c 110)." The court then quotes the section and says further:

"This provision (which was then subsection (1) (d) of section 48) was interpreted in F & F Laboratories, Inc. v. Chocolate Spraying Co., Inc., 6 Ill App2d 299, 127 NE2d 682 (1955), a case similar to the one at bar, where a counterclaim filed in the Superior Court of Cook County was dismissed by the trial court because a prior action was pending in the Federal District Court involving the same parties and subject matter. The Appellate Court affirmed, holding that section 48 (1)(d) was 'broad enough to include prior actions pending anywhere, including the Federal Courts.'

"Before the enactment of the Civil Practice Act the objection to a second suit because of a prior pending action would have been raised by a plea in abatement. Hansen v. Raleigh, 391 Ill 536, 63 NE2d 851; 16 Chicago-Kent LR 118 (1938). The opinion in F & F Laboratories was counter to the long prevailing rule that abatement of a second suit could not be had if the earlier action was pending in another state or in a court of the

174

■■■■■■■■■■■■

United States. McJilton v. Love, 13 Ill 486 (1851); Holbrook v. Ford, 153 Ill 633, 39 NE 1091 (1894); Illinois Life Ins. Co. v. Prentiss, 277 Ill 383, 115 NE 554 (1917); 34 Chicago-Kent LR 178 (1956). The Supreme Court granted leave to appeal in the F & F Laboratories case but the issue (whether the legislature intended by the enactment of section 48(1)(d) to grant a right to dismiss irrespective of the jurisdiction in which the prior action was pending, or merely intended to codify the common law by substituting a motion for the traditional plea in abatement) was not reviewed because the case was settled and the appeal abandoned."

The court then decides that in the case before it it is not necessary to consider that issue.

In the instant case it is necessary to consider the issue and to determine whether or not the interpretation of the section of the statute in F & F Laboratories should be followed. The very foundation upon which the decision in that case is based falls once it is established that the New York interpretation of the rule adopted in Illinois was in accord with the prevailing rule in the United States, which is that a case pending in a state court may not be dismissed by virtue of another case pending in the federal court involving the same parties and subject matter. It is apparent that that same rule prevailed in Illinois before the adoption of the 1933 Practice Act, and the mere fact that the objection was by that Act permitted to be made by way of motion instead of by plea in abatement would not change the basic rule. Furthermore, it might be said that even though the rule laid down in the F & F Laboratories case should be upheld, the instant case does not fall within its scope inasmuch as the action brought in the Superior Court of Cook County was a simple tort action while

the action brought in the Federal Court was based upon the provision in the federal statute relating to civil rights.

After the trial court had dismissed the instant case a motion was made in the Federal District Court to dismiss the case filed therein. The case was dismissed in the District Court. From that order an appeal was taken. Skolnick v. Martin, 317 F2d 855 (7th Cir 1963), and Skolnick v. Spolar, 317 F2d 857 (7th Cir 1963). The Seventh Circuit affirmed the order entered in the District Court dismissing the case on the grounds that the Federal Court had no jurisdiction under the federal civil rights statutes.

It is now the opinion of this court that the construction in the F & F Laboratories case of what is now section 48(1)(c) of the Civil Practice Act was incorrect and that we must hold that that section does not require a court in Illinois to dismiss a suit filed therein when a suit involving the same subject matter and the same parties has been filed in a federal court. Thus, we no longer adhere to anything which was said in F & F Laboratories, Inc. v. Chocolate Spraying Co., Inc., supra.

The order of the Superior Court of Cook County dismissing the plaintiff's suit and denying its motion to file an amended complaint is reversed and the cause is remanded with directions to permit the plaintiff, if he sees fit, to file an amended complaint at such time as may be fixed by the court, and that an order be entered upon the defendants in the case that they should plead to the complaint or amended complaint within such time as the court may fix, and that the court shall take such other and further proceedings in the case as are not inconsistent with the views expressed in this opinion.

Reversed and remanded with directions.

ENGLISH, P. J. and DRUCKER, J., concur.