(No. 38597.—
SHERMAN H. SKOLNICK, Appellee, *vs.* CHARLES T. MARTIN *et al.*, Appellants.

*Opinion filed Nov. 24, 1964.—Rehearing denied Jan. 19, 1965.*

56

Bell, Boyd, Lloyd, Haddad & Burns, Charles T. Martin and J. William Hayton, all of Chicago, for appellant Charles T. Martin.

Frank Glazer, of Chicago, for appellants Arthur Lilly and Charles R. Perrigo.

Sherman H. Skolnick, of Chicago, *pro se*.

Mr. Justice Daily delivered the opinion of the court:

We have granted leave to appeal in this case to consider widely divergent constructions of section 48(1)(c) of our Civil Practice Act arrived at by the Appellate Court for the First District in *F & F Laboratories, Inc.* v. *Chocolate Spraying Co.* 6 Ill. App. 2d 299, and in *Skolnick* v. *Martin,* 47 Ill. App. 2d 167, the instant case, wherein the court declined to adhere to its former decision. It is the direction of the section that a defendant in our courts may move for the dismissal of an action against him on the ground that "there is another action pending between the same parties for the same cause," (Ill. Rev. Stat. 1961, chap. 110, par.

48(1)(c),) and the precise question here is whether dismissal is authorized when the "other action" is one pending in a Federal court.

The circumstances under which the plaintiff in this case commenced an action against defendants in both the superior court of Cook County and a Federal district court, (seeking identical amounts of damage on identical facts,) are fully set forth in the opinion of the Appellate Court, as are the circumstances under which the superior court dismissed the State action on the basis of section 48(1)(c). We see no purpose in detailed repetition. However, before turning to the principal problem of statutory construction presented, it is first necessary to point out that the Appellate Court was in error when, as an alternative basis for decision, it suggested that the two actions were not "for the same cause," as the section requires. The section refers to "the same cause," not to the same "cause of action," and it has been held that actions are "for the same cause," when relief is requested on substantially the same state of facts. (*Leven* v. *Birrell,* 91 N.Y.S. 2d 729, 731; *cf. Meier* v. *Hilton,* 257 Ill. 174; *Carlin* v. *City of Chicago,* 262 Ill. 564; *James* v. *Langley,* 323 Ill. App. 268; *Marco* v. *Dulles,* (D.C.N.Y.) 177 F. Supp. 533, 549-550.) Measured by this test, the two actions here were "for the same cause." And in any case, we have held that identity of cause of action depends upon identity of transaction or occurrence. *Geneva Construction Co.* v. *Martin Transportation Co.* 4 Ill.2d 273, 288.

Historical background shows that, prior to the enactment of the Civil Practice Act, it was the general rule that where a party began two actions for the same cause within the same jurisdiction, the pendency of the first was ground for the abatement of the second, the reason being that one should not be vexed with a litigation in more than one action at the same time. (*Gage* v. *City of Chicago,* 216 Ill. 107; *Branigan* v. *Rose,* 3 Gilm. 123; 1 I.L.P., Abatement, sec.

21.) However, it was likewise held that the general rule did not apply to actions brought in different jurisdictions for the same cause, and thus that it was no ground for the abatement of a proceeding in an Illinois court merely because another action was pending in a court of the United States or a sister State. (*Illinois Life Insurance Co.* v. *Prentiss*, 277 Ill. 383; *Greer* v. *Young*, 120 Ill. 184; 1 I.L.P., Abatement, sec. 31.) For reasons later apparent, it should be noted that New York followed the same general rule and made the same exception. (*Oneida County Bank* v. *Bonney*, 101 N.Y. 173, 4 N.E. 332.) This was the state of the law when the first antecedent of section 48(1)(c) of the present Civil Practice Act was enacted to provide that a defendant may move for dismissal of an action or suit on the ground that "there is another action pending between the same parties for the same cause." (Smith-Hurd Stat. 1933, chap. 110, par. 172.) And, in reality, the issue here is what was intended by section 48(1)(c) insofar as actions pending in a Federal court are concerned.

Judicial interpretation of section 48(1)(c) in the setting of this case was first made in the *F & F Laboratories* case, (6 Ill. App. 2d 299,) where it was construed as authorizing the dismissal of a State action where there was a suit involving the same parties and the same subject matter pending in a Federal court. The *ratio decidendi* was that the plain and unambiguous language of the statute permitted no other construction. Nine years later, in the instant case, the same court reached an exactly contrary result, (47 Ill. App. 2d 167,) and decided that the section of the Civil Practice Act involved had done nothing more than to allow the matter of abatement to be raised by a motion to dismiss rather than by plea. It was pointed out, first, that section 48(1)(c) of our act had been patterned after a similar provision in the New York Rules of Civil Practice, (see: Smith-Hurd Anno. Stat., chap. 110, sec. 48, Historical and Practice Notes, p. 690,) second, that the New York rule has

been construed as applying only to other actions pending in the courts of New York, third, that it was the prevailing rule in the United States that a case in a State court may not be dismissed by virtue of another action pending in a Federal court, and on these bases it was reasoned there had been no legislative intent to change the law as it had prevailed prior to the enactment of section 48(1)(c). The arguments of the respective parties in this court follow the lines of these conflicting decisions.

When we consider the purpose for which the Civil Practice Act was enacted, and look to the simple and unambiguous language by which the legislature expressed itself, it is our opinion that the section was intended to grant a right to dismiss irrespective of the jurisdiction in which the other action was pending. The legislature has apparently agreed with the interpretation adopted in the *F & F Laboratories* case, for it has not amended section 48(1)(c).

The statute here authorizes dismissal where another action is pending without distinguishing between actions depending in another jurisdiction. Had it been intended to restrict the authority to dismiss to situations where the other cause of action was pending in our own jurisdiction, it would have been a simple matter to do so. Furthermore, the Civil Practice Act was designed to eliminate the formalized rules of common-law pleading and to provide a procedure whereby substantive rights could be determined with a minimum of delay, technicality and expense. (*Scott v. Freeport Motor Casualty Co.* 392 Ill. 332.) Indeed, it is the express direction of section 4 that the act shall be liberally construed to the end that controversies may be speedily and finally determined. (Ill. Rev. Stat. 1961, chap. 110, par. 4.) Certainly the elimination of repetitious suits and the relief of courts and litigants alike from the unnecessary burden of trying the same issues pending in another action are consistent with the purpose and spirit of the Civil Practice Act, and it can hardly be said that actions for the same

cause filed in the Federal courts or those of our sister States are less repetitious or burdensome than those filed within our own jurisdiction.

Citing abstract quotations from Federal decisions having little or no application to the circumstances of this case, plaintiff asserts that to construe section 48(1)(c) as applying when the other action is one pending in a Federal court will cause it to contravene various provisions of the constitution, including the guarantees of due process and equal protection of the laws. We are not advised, however, of the manner in which the constitutional provisions are violated. Certainly neither due process nor equal protection requires a right to entertain more than one action for the same cause, and just as certainly our statute does not interfere with or take away plaintiff's right to pursue his action in a Federal court. Consistent with our ruling when plaintiff sought to appeal directly to this court, it is our conclusion that the brief and argument presented are insufficient to raise substantial or debatable constitutional questions. *Cf. People ex rel. Carter* v. *Touchette,* 5 Ill.2d 303; *People* v. *Davies,* 354 Ill. 168.

Accordingly, and for the reasons stated, the judgment of the Appellate Court for the First District is reversed, and the order of the superior court, dismissing plaintiff's suit, is affirmed.

*Appellate Court reversed; superior court affirmed.*