JOHN B. HACKLER *et al.*, Plaintiffs-Appellants, *v.* CARDINAL NEWMAN COLLEGE, Defendant-Appellee.

Third District   No. 78-389

Opinion filed May 18, 1979.

Charles G. Roth and Phillip B. Lenzini, both of Kavanagh, Scully, Sudow, White & Frederick, of Peoria, for appellants.

Walter W. Winget, II, and James F. Kane, both of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The plaintiffs Hackler and Mancuso are professional architects who entered into an oral contract with DeRance, Inc., to perform engineering and architectural services on real estate owned by DeRance, Inc., and which is located in St. Louis County, Missouri. The defendant Cardinal Newman College, a Missouri not-for-profit corporation, acted as its own contractor as to the remodelling of existing buildings and the construction of new facilities on the Missouri real estate, and further acted as agent for DeRance, Inc.

The fees for architectural services provided were not paid and the plaintiffs filed a common law action for damages in the circuit court of Peoria County naming only Cardinal Newman College as defendant. The plaintiffs also filed a suit in Missouri to enforce a statutory mechanics lien. In the Missouri action the defendants were Cardinal Newman College and DeRance, Inc.

The common law action for damages in the circuit court of Peoria County was dismissed pursuant to a section 48 motion which provides that the court shall dismiss an action where there is another action pending between the same parties and for the same cause. Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c).

The plaintiffs appeal from the trial court's order of dismissal and present several issues to this court for review. We shall first consider the plaintiffs' contention that an action for damages for breach of contract is not for the same cause as a suit to enforce a mechanics lien. The premise for this argument is that a suit for money damages for breach of contract is an action against the person, or one in personam, while a suit to enforce a mechanics lien against said real estate is an action against land, or one in rem.

Historically there is precedential support for the plaintiffs' contention. Our supreme court in 1840 in the case of *Delahay v. Clement* held that a suit to enforce a mechanics lien did not abate a suit at law to recover damages for breach of contract. In so holding the court stated:

> "It is evident from these provisions that the remedy authorized by the statute (mechanic's lien) is only a proceeding *in rem.* The remedy is also cumulative. The judgment obtained only authorizes a sale of property on which the lien operates. This property may not sell for enough to satisfy the plaintiff's debt. Should this be the case, the remedy would be inadequate to meet the demands of justice. The party ought, therefore, to be permitted to avail himself of such other remedies as the law prescribes, to reach the defendant's property, other than that to which his lien extends."
> *DeLahay v. Clement* (1840), 4 Ill. 195, 197.

In 1857 our supreme court again held that a proceedings under the mechanics lien statute is additional or cumulative of such other remedies of enforcement of the contract out of which the lien arises as the party may have, either against person or property. The same decision and reasoning was adhered to in the cases of *Erikson v. Ward* (1914), 266 Ill. 259, 107 N.E. 593, *rehearing denied* February 3, 1915, and *Rockwood Sprinkler Co. v. Phillips Co.* (1932), 265 Ill. App. 267; *West v. Flemming* (1856), 18 Ill. 248.

These historic decisions far antedate the enactment of our Civil Practice Act, so the issues were raised by a "plea in abatement" which was the common law analogy to our Civil Practice Act section 48 (1)(c) motion to dismiss. See *Consolidated Construction Co. v. Malan Construction Corp.* (1963), 42 Ill. App. 2d 272, 192 N.E.2d 263, 268.

Subsequent to the enactment of our Civil Practice Act in 1933 the issue under consideration has to the best of our knowledge not been precisely determined by a reviewing court of our State. Whether a suit for damages for breach of contract should be dismissed because there was also pending a suit to enforce a mechanics lien was the issue presented to the reviewing court in *Consolidated Construction Co. v. Malan Construction Corp.* (1963), 42 Ill. App. 2d 272, 192 N.E.2d 263. While this

case was determined partially on the basis that the two suits in question had different parties, the reviewing court made the following observation and finding:

"* * * with the City reinstated, the case in the Circuit Court becomes a different lawsuit than the one in the Federal Court. *There are two separate causes of action with different parties and issues—one to establish the liability of Malan on the contract and the issues related thereto, and the other primarily to enforce a lien.* Both of these suits could be maintained at the same time even if they were in Illinois courts. This is made clear by cases in the private lien enforcement area." (Emphasis added.) *Consolidated Construction Co. v. Malan Const. Corp.* (1963), 42 Ill. App. 2d 272, 282, 192 N.E.2d 263, 268.

In *Consolidated Construction* the reviewing court reviewed cases which we have previously cited, to-wit, the *Erikson* case and the case of *Rockwood Sprinkler.* After this review the applicability and validity of the holdings in these cases was affirmed.

■■ After tracing the historical background pertaining to the issue we are considering and the reasoning heretofore applied and followed by our courts of review, we are constrained to agree with the plaintiff architects that a suit for damages for a breach of contract is not "for the same cause" as a suit to enforce a mechanics lien.

The defendants in arguing that the trial court properly granted their motion to dismiss cite and rely on the case of *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 203 N.E.2d 428, in which our supreme court held that actions are for the same cause when relief is requested on substantially the same state of facts. In *Skolnick* a situation existed different from that presented in this case. *Skolnick* involved suits for malicious trespass, abuse of process and Federal civil rights violation. This court's opinion in the instant case is intentionally addressed to and limited to situations where we have an action for breach of contract and an action for the enforcement of a mechanics lien. As previously stated, we find that there exists in Illinois a long, well-advised history of precedential cases holding that there is a distinction between contract damage actions and mechanics lien actions, hence they are not subject to dismissal by a section 48 motion on the grounds that they are for the same cause.

■ While this appeal was pending the defendant, Cardinal Newman College, filed a motion to amend the record and the plaintiffs filed objections to this motion. By order of this court the motion to amend and the objections filed were ordered taken with the case. The effect of granting the defendant's motion to amend the record would be the presentation by the defendant of additional issues to this court. The

proper procedure to be followed by the defendant in raising additional issues would have been the filing of a cross-appeal. This the defendant did not do. Before ruling on the defendant's motion we will direct our attention to the issue pertaining to jurisdiction which it sought to raise and included in its brief. That proposed issue was that the trial court lacked in personam jurisdiction as to the defendant. Assuming *arguendo* that the defendant properly raised the question of in personam jurisdiction by the filing of a special limited appearance and motion to dismiss which was denied by the trial court, then did the subsequent or contemporaneous filing of a section 48(1)(c) motion to dismiss (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c)) by the defendant constitute a general appearance. We are of the opinion that such is the precise effect of the defendant's actions. This question was presented in the case of *Goldberg v. Goldberg* (1975), 27 Ill. App. 3d 94, 327 N.E.2d 299. In *Goldberg* a defendant wife filed a special limited appearance in a divorce action raising a question as to the court's jurisdiction. Before this question the defendant moved to have the suit dismissed by the filing of a section 48(1)(c) petition. The reviewing court held that by the filing of this latter motion the defendant had submitted to the court's jurisdiction. We find the case of *Goldberg* controlling and hence no merit to the argument in the instant case that the trial court did not have "in personam" jurisdiction of the defendant.

Even though the defendant's motion to amend the record were granted, the issue it attempts to raise is without merit and we therefore deny the motion.

For the reasons set forth the order of the circuit court of Peoria County dismissing the complaint in this case is reversed and the cause is remanded for a trial on the merits.

Reversed and remanded.

STOUDER, P. J., and BARRY, J., concur.