**In re GUERRA CONSTRUCTION CO., INC. Debtor,**

**NATIONAL CONCRETE PIPE CO., Plaintiff,**

**v.**

**GUERRA CONSTRUCTION CO., INC., an Illinois corporation; J.F. Shea Co., Inc., a corporation; Illinois Department of Transportation and Guerra/Shea JV, a joint venture consisting of Guerra Construction Co., Inc., and J.F. Shea Co., Inc., Defendants.**

**Bankruptcy Nos. 91 B 23608, 92 A 250.**

United States Bankruptcy Court, N.D. Illinois, E.D.

July 21, 1992.

Robert C. Liston, Robert W. Mauter, Law Offices of Liston & Mauter, P.C., Wheaton, Ill., for plaintiff.

Colleen McCloskey von Ohlen, James D. Newbold, Asst. Attys. Gen., Illinois Dept. of Transp., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before the Court on co-defendant Illinois Department of Transportation's ["IDOT"] motion to be dismissed as a defendant in this adversary proceeding. For the reasons stated below, the Court finds that IDOT is not properly joined as a co-defendant in this proceeding and orders that IDOT be dismissed as a party-defendant.

National Concrete Pipe Co. ["NCPC"], a creditor of Guerra Construction, filed an adversary complaint against several defendants seeking to determine the extent and validity of its alleged mechanic's lien against public improvement funds in connection with the Kennedy Expressway reconstruction project and seeking to foreclose this mechanic's lien. The original complaint sought (1) an accounting of the amount due to NCPC plus interest; (2) separate orders directing each of the defendants, including IDOT, to pay the amount found due in the accounting; (3) a finding that NCPC holds a lien on all monies, bonds and warrants due to the debtor-in-possession, Guerra Construction Co., which are held in the control or possession of IDOT; and (4) an order directing IDOT to pay NCPC the amount found due with interest and costs. Specifically, the complaint

asked for $27,336.40 as the sum due under the agreements between Guerra Construction, J.F. Shea, and Guerra/Shea JV.

Following the filing of IDOT's motion to dismiss, the debtor-in-possession sought and was given leave to file an amended adversary complaint. The amended complaint asserts breach of contract claims against the contracting parties, Guerra Construction, J.F. Shea, and Guerra/Shea JV, in Counts I and II, and asserts a request for a declaratory judgment in Count III. Count III as amended restates the relief requested under the original complaint but acknowledges that payment from IDOT should be limited to funds on hand which are held for the Kennedy Expressway project.

In the motion to dismiss, IDOT asserts that (1) it possesses a right of sovereign immunity under federal law which prevents the plaintiff from seeking a monetary award against the state of Illinois and its agencies and (2) the Illinois "Liens against Public Funds" statute does not waive or in any way alter this right of sovereign immunity to allow joinder of IDOT as a party defendant.

## DISCUSSION

■ The Eleventh Amendment bars a suit by private parties against the states or their agencies absent state consent. *McDonald v. Illinois*, 557 F.2d 596 (7th Cir. 1977), *cert. den. McDonald v. Illinois*, 434 U.S. 966, 98 S.Ct. 508, 54 L.Ed.2d 453 (1977); Ill.Rev.Stat. ch. 127, ¶ 801 (1992). It has been expressly held that this sovereign immunity bars suits in federal court seeking to impose a liability which must be paid from public funds in the state treasury. *Cannon v. University of Health Sciences/Chicago Medical School*, 710 F.2d 351, 356–57 (7th Cir.1983); *Carey v. Quern*, 588 F.2d 230, 233 (7th Cir.1978); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), *reh. den.* 416 U.S. 1000, 94 S.Ct. 2414, 40 L.Ed.2d 777 (1974).

■ NCPC asserts that the Court must look beyond the formal identification of the parties, however, to review the particular issues involved and determine whether the action is in fact one against the state. Citing *Springfield v. Allphin*, 74 Ill.2d 117, 23 Ill.Dec. 516, 384 N.E.2d 310 (1978), NCPC argues that an action for declaratory judgment which seeks an injunction requiring the State to withhold certain funds from the its treasury does not constitute an action against the state itself. *Allphin* held that a state court action seeking a refund of occupational taxes paid by a municipal corporation to the state taxing authorities based on a statutory reduction of the tax rate was not an action against the state barred by its sovereign immunity since (1) it was necessary to limit the power of the state government by providing a remedy to municipalities for the alleged improper acts of state officials and (2) the Illinois Constitution did not limit the power of state courts to fashion appropriate remedies against the state.

This reasoning, however, does not consider the doctrine of sovereign immunity from suit in federal court under the Eleventh Amendment and *Allphin* expressly states that it did not consider those issues in its decision. *Id.* at 121, 23 Ill.Dec. at 520, 384 N.E.2d at 314. Thus, *Allphin* does not stand for the proposition that this Court may override the Eleventh Amendment sovereign immunity of the state based on a conclusion that the action is not really one against the state. The sovereign immunity of the State of Illinois bars this Court from entering a judgment and order against the State or its agencies requiring it to turn-over public funds to a private claimant, absent the State's consent.

■ There has been no showing that the State of Illinois has waived its sovereign immunity to consent to the jurisdiction of the bankruptcy court in this proceeding. A state may consent to the jurisdiction of the bankruptcy court and waive its sovereign immunity in a particular case by filing a proof of claim, but absent such action there is no automatic waiver under the Bankruptcy Code. The Supreme Court has held in *Hoffman v. Connecticut Department of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), that Section 106(c) of the Bankruptcy Code does not operate to remove or abrogate the sover-

eign immunity granted to the states in the Eleventh Amendment. Section 106(c) states that the term "creditor, entity or governmental unit" as used in the Code includes governmental units and is binding upon such units, but this provision operates only to bind states to the discharge provisions the same as any other creditor. Section 106(c) does not constitute a blanket waiver of the sovereign immunity of states in all bankruptcy proceedings. A state which does not file a proof of claim in a bankruptcy proceeding would not therefore be subject to a judgment awarding monetary relief against it in that proceeding. *Id.* at 102, 109 S.Ct. at 2822.

■ Under the holding of *Hoffman*, this Court cannot enter any type of monetary judgment against IDOT in this adversary proceeding. The amended complaint asks the Court to do precisely that by asking

(1) that "the Plaintiff be decreed to have a lien upon all the monies, bonds, and warrants due or to become due to said Guerra Construction Co., Inc., which are now in the possession or under the control and direction of Illinois Department of Transportation and that Illinois Department of Transportation be directed to pay plaintiff the amount found due with interest and costs" and·

(2) that "the defendant Illinois Department of Transportation be decreed to pay the amount due as found and adjudicated by this court within a date certain, but only from funds on hand and held to the account of the project in this complaint."

Although the plaintiff characterizes its pleadings as a request for declaratory relief only, it is clear from this language that NCPC is actually seeking an order of payment against IDOT. The Court has no authority to award the relief requested. IDOT has not filed a proof of claim and NCPC has not alleged that IDOT or the State of Illinois waived its sovereign immunity through any other action. IDOT is therefore not properly named as a party defendant in this adversary proceeding.

■ Furthermore, the Illinois statute authorizing liens against public funds does not waive or modify the sovereign immunity of the state of Illinois to allow subcontractors to assert monetary claims against state agencies. The "Liens Against Public Funds" statute, Ill.Rev.Stat. ch. 82, ¶ 23(c) (1992), provides that any person who furnishes material, appurtenances, fixtures, machinery or labor to any contractor having a contract for public improvement for the State may have a lien against the money, bonds, or warrants due to the contractor under such contract. To enforce this lien, the subcontractor must give a written notice to the state official responsible for letting such contract which includes a sworn statement of the claim, lists each item with particularity and sets forth the amount claimed due for each. *Id.* at ¶ 23(c). The subcontractor/claimant must also furnish a copy of this notice to the contractor. Upon proper service of the written notice and sworn statement of claim, the lien shall attach to the portion of the money, bonds, or warrants against which no voucher has been issued and delivered by the state.

Following attachment of the lien, the subcontractor-claimant must pursue his claim "within 90 days after giving proper notice, [by commencing] proceedings by complaint for an accounting, making the contractor having such contract with the state and the contractor to whom such material, apparatus, fixtures, machinery or labor was furnished, parties defendant, and shall within the same period notify the [State] of the commencement of such suit by delivering to him a copy of the complaint filed...." *Id.* Failure to commence proceedings within 90 days after giving proper notice shall terminate the lien and bar further claims based on the same claim.

Upon the filing of the notice and sworn statement of claim, the state official responsible for letting such contract must withhold payment of a sum sufficient to pay the amount of such claim for the 90 day period in which suit may be filed. If no suit is timely filed, the state official shall then release the funds for payment to the contractor. If suit is timely filed, however, "the amount claimed shall be withheld until final adjudication of suit is had." The state official may pay over to the clerk

of the court in which such suit is pending, a sum sufficient to pay the amount claimed to be distributed by the clerk of the court pursuant to the judgment rendered. Any state official who fails to withhold funds in accordance with these provisions, "shall be liable on his official bond to the claimant ... for the damages resulting from such violation, which may be recovered in a civil action in the circuit court." *Id.* at ¶ 23(d).

This statute provides that the subcontractor holding a claim against the contractor for work done on a public project may protect his claim by asserting a lien against the public funds owed to the contractor. To enforce this lien, the subcontractor must file a complaint naming the contractor as the party defendant and must give notice to the proper state official. Upon receipt of proper notice of the claim and the lawsuit, the state official must set aside the amount so claimed pending final adjudication of the suit. In order to protect the subcontractor's rights, the statute further provides that the subcontractor may bring a claim for damages against the state official in a separate civil proceeding when the official fails to properly set aside the funds claimed.

Nothing in this statute, however, authorizes the subcontractor to sue the state for a judgment ordering payment of the funds claimed. The statute expressly says that the named party defendant shall be the *contractor(s)* involved. It imposes a related duty upon the state official to withhold the funds pending final judgment, but there is no provision which authorizes the Court to order the state to payout the funds withheld in any particular manner. Absent a provision expressly placing the State under the jurisdiction of the court, there is nothing in this statute which would constitute a waiver of the state's sovereign immunity or an intention to subject state agencies to monetary judgments in public funds lien disputes. Rather, the State of Illinois has devised a procedure which protects the rights of subcontractors in such cases without requiring the joinder of the State as a co-defendant in the complaint.

NCPC argues that while it is not necessary to join the state as a party defendant under the Illinois public funds lien statute,

it is not improper to do so under the terms of the statute itself. This argument and the cases relied upon by NCPC, however, assume that sovereign immunity does not present a bar to such joinder. The issue in *Northwest Water Com. v. Carlo V. Santucci, Inc.*, 162 Ill.App.3d 877, 114 Ill.Dec. 132, 516 N.E.2d 287 (1st Dist.1987), *app. den.* 119 Ill.2d 559, 119 Ill.Dec. 388, 522 N.E.2d 1247 (1988), was whether the Court could exercise jurisdiction over a municipal agency to enforce the mechanic's lien the court had previously upheld under the public funds lien statute even though the plaintiff did not name the municipal agency as a party defendant in the first proceeding. The Court held that the nature of the first proceeding was such that it materially affected the rights of the municipal agency and thus conferred jurisdiction over that entity for the purpose of enforcing the lien. *Santucci* did not, however, consider the doctrine of sovereign immunity in its reasoning because the case involved a *municipal agency*, governed by subsection (b) of the statute, rather than a *state agency*, governed by subsection (c).

Likewise, *Consolidated Construction Co. v. Malan Construction Corp.*, 42 Ill. App.2d 272, 192 N.E.2d 263 (1st Dist.1963), dealt only with the issue of whether public policy and Illinois law precluded the joinder of a municipality as a party defendant under the public funds lien statute. The Court simply did not consider the doctrine of sovereign immunity in its reasoning since the case involved a municipality rather than a sovereign state. Thus, while these cases hold that a municipality or its agencies may be named a party defendant and the court automatically acquires jurisdiction over such a municipality for the purpose of enforcing a mechanic's lien against public funds even if it is not so named, neither case stands for the proposition that the Illinois public funds lien statute overrides or waives the state's sovereign immunity to confer jurisdiction over and allow such an action against a state agency.

### CONCLUSION

NCPC argues that it is merely seeking a declaratory judgment to the effect that it

holds a lien against the public funds currently held by IDOT. The prayer for relief in Count III of the amended complaint, however, expressly asks that "Illinois Department of Transportation be directed to pay Plaintiff the amount found due with interest and costs" and that IDOT "be decreed to pay the amount due as found and adjudicated by this court within a date certain, but only from funds on hand and held to the account of the project identified in this complaint." As set forth above, this Court cannot order or decree that IDOT pay the sums requested and these requests should be stricken from the complaint.

The remaining relief prayed for in the amended complaint seeks judgment only against the other named defendants, Guerra Construction, J.F. Shea, and Guerra/Shea JV. Thus, Count I, Count II, and Paragraphs (A), (B), (C), (D) and (G) of the Prayer for Relief in Count III, can stand as filed without joining IDOT as a party defendant. The plaintiff can receive an accounting and judgments against the other named defendants without naming IDOT as a party. It is not necessary to join IDOT as a party defendant in this adversary proceeding and there is nothing in either Illinois law or the Bankruptcy Code which would remove the sovereign immunity of the State of Illinois to allow the plaintiff to do so.

### ORDER

IT IS HEREBY ORDERED THAT the motion of the Illinois Department of Transportation to be dismissed as a defendant in the above-titled adversary proceeding IS GRANTED.

IT IS FURTHER ORDERED THAT the following portions of Paragraphs E and F of the Prayer for Relief contained in COUNT III be stricken from the complaint as moot:

E. "... that ILLINOIS DEPARTMENT OF TRANSPORTATION be directed to pay Plaintiff the amount found due with interest and costs;"

F. "That the Defendant, ILLINOIS DEPARTMENT OF TRANSPORTATION, be decreed to pay the amount due as found and adjudicated by this Court within a date certain, but only from

funds on hand and held to the account of the project identified in this complaint."