East Side Health District, a Municipal Corporation, Plaintiff-Appellee, v. Village of Caseyville, Illinois, a Municipal Corporation, Defendant-Appellant.

Gen. No. 62–F–27.

Fourth District.

May 15, 1962.

Russell Classen, of Belleville, for appellant.

Frank M. Summers, of East St. Louis, for appellee.

CULBERTSON, J.

This is an appeal from an order of the Circuit Court of St. Clair County denying a motion to dismiss a temporary injunction which had been issued restraining the defendant, Village of Caseyville, Illinois, its contractors, agents, etc., from constructing or maintaining a temporary Waste Stabilization Pond under permit issued by the State of Illinois Sanitary Water Board.

In the motion to dismiss, the Village points out that the pleadings upon which the temporary injunction is based consisted of a complaint which substantially alleged that the use of the temporary waste pond as planned and constructed under the permit would be in violation of the regulation adopted by plaintiff, East Side Health District, a municipal corporation; that such complaint simply requests that defendant be restrained from taking further steps to carry out the construction and use of the temporary treatment works. The complaint contained no allegation of facts, or even a statement that irreparable injury would result unless an injunction was issued immediately in the cause. Attached to the complaint, however, was an affidavit of the attorney for the plaintiff which stated that the rights of the plaintiff would be unduly prejudiced and irreparable damage would be suffered by plaintiff unless an injunction was issued immediately in the cause, without notice. No

444

notice was given and no evidence was heard, but a temporary writ of injunction was issued without notice and without bond, even though the writ as so issued made no reference to the fact that it was issued without notice and without bond.

On appeal in this Court the defendant contends that no pleading on file would justify the issuance of the injunction without notice and without bond, and that the issuance was in fact in violation of the provisions of the Illinois Revised Statutes relating to such injunctions (Ill Rev Stats 1961, c 69, § 9), which provides in substance that bonds should be given with such security as may be required by the Court before an injunction may issue, but that the Court "for good cause shown" could grant an injunction without bond; and similarly, that Paragraph 3 of the provision relating to notice of application for injunction is substantially to the effect that notice should be given unless, for good cause shown, in the discretion of the Court, such notice should not be required.

██ We have had occasion to consider the issuance of injunctions without notice and without bond and have emphasized that the extraordinary character of injunctive remedy should be awarded only where a clear right to such relief is shown on the face of the complaint (Stenzel v. Yates, 342 Ill App 435, 96 NE2d 813).

██ ██ In the case before us the complaint does not in fact request a temporary injunction and, as we pointed out in the statement of facts, the only place where any allegation is made that plaintiff would be unduly prejudiced if the injunction were not issued immediately and without notice, is in the affidavit of the attorney, which recites no facts but simply makes that statement. As we stated in Stenzel v. Yates, supra, the facts relied upon to establish the right to injunction must be alleged positively, with

certainty and precision, and not as mere opinions and conclusions. As was true in that case, the complaint now before us fails to meet that standard. Similarly, as was true in the case of Stenzel v. Yates, supra, we find no averments which would dispense with the necessity of notice. The issuance of the temporary injunction without notice and without bond was obviously improper and the motion to dismiss should have been allowed. This cause will, therefore, be reversed and remanded to the Circuit Court of St. Clair County with directions to allow the motion to dismiss and to proceed in this cause in accordance with the views expressed in this case and in Stenzel v. Yates herein referred to.

Reversed and remanded, with directions.

HOFFMAN, P. J. and SCHEINEMAN, J., concur.