THOMAS M. BAUER, Petitioner-Appellant, *v.* LEONARD SAPER *et al.,* Respondents-Appellees.

(No. 70-149;

Third District—August 19, 1971.

Dunn, Stefanich, McGarry & Kennedy and Henry D. Leineweber, both of Joliet, for appellant.

James M. P. D'Amico, of Joliet, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Will County, Illinois.

The relator, Thomas M. Bauer, filed a petition for writ of *mandamus* to compel the city of Joliet and other defendants to reinstate him to the

position of policeman in said city. A motion to dismiss the petition was filed by the respondents and allowed by the trial court. It is from this order of dismissal that the relator appeals.

The record shows that the relator stopped working as a policeman for the city of Joliet when he became injured. He then tendered his resignation and applied for a disability pension. Counsel for the relator represented alternately to the court that his client had been discharged from his position as policeman and that he had not been so discharged. There is no dispute about the fact that the relator never had a hearing of his case before the Board of Fire and Police Commissioners of the city of Joliet.

The issue presented is whether the relator is entitled to the issuance of a writ of *mandamus.*

The Board of Fire and Police Commissioners constitutes an administrative agency. Chapter 24, Section 10-2. 1-17, Illinois Revised States, expressly provides that "The provisions of the Administrative Review Act * * * shall apply to and govern all proceedings for the judicial review of final administrative decisions of the Board of Fire and Police Commissioners * * ." See *People ex rel. Fike v. Slaughter,* 31 Ill.App. 2d 175, 175 N.E.2d 585.

■■ In the case before us for review the relator sought to have issued by the trial court a writ of *mandamus* directed against the defendants and which would have commanded the defendants to restore him to active duty on the police force of the city of Joliet. Had there been a hearing before the Board of Fire and Police Commissioners of the city and after such a hearing his request had been denied, then the law is well settled that a writ of *mandamus* would not have been available to the relator, since the statute relating to judicial review of decisions of administrative agencies provides "In all such cases, any other statutory, equitable, or common law mode of review of decisions of administrative agencies heretofore available shall not be employed * * *." (Chap. 110, Sec. 265, Ill. Rev. Stat. See *People ex rel. Stone v. Wilson,* 111 Ill.App.2d 101, 248 N.E.2d 826.) The Administrative Review Act was designed to provide a single uniform method by which administrative decisions of state governmental agencies could be judicially reviewed, and the statute providing that proceedings for writ of *mandamus* shall not be dismissed nor writ denied because petitioner may have another specific legal remedy was not applicable to administrative decisions. *People ex rel. Ryan v. Civil Service Commission,* 117 Ill.App.2d 50, 253 N.E.2d 913.

However, in the case before us a different question is presented in that there was no hearing before the Board of Fire and Police Commissioners of the City of Joliet. It is the relator's contention that the Board of Fire

and Police Commissioners Act provides, "* * * no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense .* * *" (Chap. 24, Sec. 10—2.1—17, Ill. Rev. Stat.) The relator argues that since no charges were preferred against him by any of the respondents and that no hearing was held by the Board of Fire and Police Commissioners that there is no administrative decision to review so that the issuance of a writ of *mandamus* is a proper and necessary remedy. We agree with the relator that there was no hearing by the board and consequently no decision affecting his status, but the relator overlooks one salient fact and that is the resignation which he submitted to the Chief of Police of the city of Joliet. By definition a "resignation" is the formal renouncement or relinquishing of an office. (Black's Law Dictionary, 4th Ed.) The resignation of the relator was submitted on November 27, 1968. In relator's petition for writ of *mandamus* he avers that he has not received any compensation from the city of Joliet since that date, to-wit, November 27, 1968. Based upon the averments in his petition we must assume that the relator received payments of salary until the time of his resignation, at which time payments immediately ceased. We cannot conceive of any clearer illustration sustaining the fact that the resignation was accepted. A written resignation tendered to the proper officials and filed by them is an absolute resignation to take effect *in praesenti* and is not subject to revocation by the party presenting it. (See *Pace v. People of the State of Illinois ex rel. McMeen*, 50 Ill. 432.) We would be imposing an onerous and completely unjustified burden upon the Board of Fire and Police Commissioners if we were to say that when a policeman resigns the board must nevertheless convene and have a hearing in compliance with Chapter 24, Section 2.1—17, Illinois Revised Statutes.

■■ The relator contends that the matter of his resignation from the police force is one of proof which should be determined by trial and not decided on a motion to dismisss. We do not agree, since the relator's attorney during his argument on the motion to dismiss made an admission that his client had tendered his resignation but claimed the same was never accepted. The law is well settled in Illinois that an attorney representing his client may make admissions which are binding upon his client. See *Wilson v. Spring*, 64 Ill. 14; *Hill Construction Co. v. Chicago R.I. & P. Ry. Co.*, 174 Ill.App. 600; *Petersen v. General Rug and Carpet Cleaners, Inc.*, 333 Ill.App. 47, 77 N.E.2d 58; I.L.P., Vol. 18, Sec. 136, p. 270; Cleary Handbook of Evidence, 2d Ed., Sec. 17.18, p. 287.

Attorneys are deemed the agents of their clients for the purpose of making admissions in all matters relating to the progress and trial of the

action. Indeed any fact which bears upon the issues involved and which has been admitted by counsel may be the ground of the court's procedure equally as if established by the clearest proof. Jones on Evidence, Vol. 2, Sec. 358.

The relator's attorney made an admission to this court that a resignation had been tendered and the court possesses the authority to determine the effect of such an act. See *Pace v. People of the State of Illinois ex rel. McMeen, supra.*

■■ We are cognizant of the rule that when a motion to dismiss is directed to an action then all facts well pleaded in a complaint must be accepted as true. Following this rule and accepting the admission made by the attorney for the relator, we can only conclude that no worthy purpose would be served by remanding this case to the trial court for hearing upon the issue.

■■ It is obvious that the relator voluntarily submitted a resignation and thereby divested himself of any legal interest in employment with the Joliet police force which would have served as a basis for the issuance of a writ of *mandamus.*

For the reasons set forth the action of the circuit court of Will County which denied relator's petition for a writ of *mandamus* is hereby affirmed.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.