WILLIAM WHITAKER, Plaintiff-Appellant, v. ROBERT BRUCE PIERCE et al., Defendants-Appellees.

First District (5th Division)    No. 76-556

Opinion filed November 24, 1976.

Richard C. Moenning, of Chicago, for appellant.

Peterson, Ross, Rall, Barber & Seidel, of Chicago (Elroy C. Sandquist, Jr., John W. McCullough, and Michael P. Tone, of counsel), for appellees.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an interlocutory appeal from the denial of a motion for a preliminary injunction.[1] The only issue presented is whether the trial court abused its discretion in denying the injunction.

In his verified complaint, plaintiff sought injunctive relief and damages against the individual defendants, alleging that he had been employed as the organist-choir director at Chicago Temple—First United Methodist Church (Chicago Temple) for nearly 22 years without a written contract and that he was coerced into resigning because of his conversion to the Anglican faith. In an amendment to the complaint, Chicago Temple was impleaded as a party defendant, and plaintiff asked that the church (1) be enjoined from giving effect to his resignation; and (2) be ordered to rescind it and reconsider his employment.

In substance, plaintiff's complaint alleged that on November 15, 1975, he informed the pastor of Chicago Temple of his intention to be confirmed as an Anglican. Thereafter, on December 3, 1975, he was called before the individual defendants—all members of the personnel committee of Chicago Temple—who, because of his conversion, demanded his resignation. As a result, he submitted a letter of resignation on December 4, 1975, and it was accepted on February 6, 1976. Thereafter, on March 15, 1976, plaintiff's attempt to rescind the resignation was rejected.

---

[1] Although the injunction requested was captioned "temporary injunction," this term is no longer appropriate. (See *Schwalm Electronics, Inc. v. Electrical Products Corp.* (1973), 14 Ill. App. 3d 348 n. 2, 302 N.E.2d 394 n. 2.) The injunction requested here is more properly classified as a preliminary injunction, and we shall consider it to be such for purposes of this opinion.

Before defendants had answered his complaint and amendment thereto, plaintiff moved for a preliminary injunction, asking that Chicago Temple and the individual defendants be enjoined from terminating his employment and from hiring a successor. In an affidavit supporting his motion, he alleged that he "was forced in violation of his civil and constitutional rights protecting the free exercise of religious conviction to resign as organist-choir director effective April 30, 1976"; and that he would suffer irreparable harm if the injunction were not granted, because (a) he could not secure comparable employment and (b) professional choir members would be disbanded, and they were necessary for him to perform the duties of organist-choir director. The preliminary injunction was denied, however, and this appeal followed.

OPINION

A party is not entitled to a preliminary injunction as a matter of right, and whether or not it should be granted is left to the sound discretion of the trial court. (*K.F.K. Corp. v. American Continental Homes, Inc.* (1975), 31 Ill. App. 3d 1017, 335 N.E.2d 156.) Thus, the sole question for review here is whether there was an abuse of discretion in the denial of relief. *Grillo v. Sidney Wanzer & Sons, Inc.* (1975), 26 Ill. App. 3d 1007, 326 N.E.2d 180.

■■ Initially, we note our belief that the complaint was insufficient to justify granting the relief requested. Preliminary injunction is an extraordinary remedy and, where it has its basis in the complaint, the facts necessary to justify the relief must be specified. (*Hall v. Orlikowski Construction Co.* (1974), 24 Ill. App. 3d 60, 321 N.E.2d 23.) It is appropriate, in the absence of an answer, for a reviewing court to consider whether the complaint for preliminary injunction was sufficient. (*Alfred Engineering, Inc. v. Fair Employment Practices Com.* (1974), 19 Ill. App. 3d 592, 312 N.E.2d 61; *McErlean v. Harvey Area Community Organization* (1972), 9 Ill. App. 3d 527, 292 N.E.2d 479.) It will not issue on allegations which are mere conclusions, but facts must be set forth in detail and particularity which reveal the right to injunctive relief. *G. H. Sternberg & Co. v. Cellini* (1973), 16 Ill. App. 3d 1, 305 N.E.2d 317.

Here, plaintiff moved for preliminary injunction before defendants answered his complaint. The record discloses that no testimony was taken and no offers of proof were made by plaintiff, and it appears that the court necessarily ruled on the sufficiency of the pleadings in denying relief.

An examination of the complaint discloses pertinent allegations, as follows: That defendant Hilborn "wrongfully demanded that in view of plaintiff's conversion, he resigned his position as organist-choir director * * *"; that "acting under the coercion and wrongful undue influence of

defendant Hilborn" he submitted his resignation; that Hilburn "wrongfully refused to accept plaintiff's request to rescind his resignation"; and that certain of the defendants conspired "to compel the 'voluntary resignation' of plaintiff" because of his conversion. In the amendment to his complaint, plaintiff impleaded Chicago Temple and charged it with wrongfully rejecting a rescission of his resignation—knowing that it was improperly obtained.

We believe those allegations to be conclusory in nature (see *East Side Health Dist. v. Village of Caseyville* (1962), 35 Ill. App. 2d 443, 183 N.E.2d 20), and that plaintiff's pleadings otherwise do not set forth facts in such detail as to warrant the issuance of the preliminary injunction (see *G. H. Sternberg & Co.*; *Illinois Migrant Council v. Pilliod* (N. D. Ill. 1975), 398 F. Supp. 882).

■■■ Further, it is clear that to support a request for preliminary injunction, the applicant must establish the likelihood of *success on the merits*. (*Wessel Co. v. Busa* (1975), 28 Ill. App. 3d 686, 329 N.E.2d 414.) Here, although conceding that he submitted his resignation, plaintiff alleges that he was coerced or forced to resign, in violation of his constitutional rights. By definition, a resignation is the "formal renouncement or relinquishing of an office." (*Bauer v. Saper* (1971), 133 Ill. App. 2d 760, 762, 272 N.E.2d 703.) Likewise, a resignation has been defined as a "voluntary surrender of a position by the one resigning, made freely and not under duress." (77 C.J.S. *Resignation* 311 (1952).) When one voluntarily submits a resignation, he thereby divests himself of any legal interest in his former employment. (*Cf. Bauer.*) It is conceivable that one could present sufficient facts to indicate that a resignation was involuntarily coerced and thus was legally equivalent to a discharge. (See *e.g., Moreno v. Cairns* (1942), 20 Cal. 2d 531, 127 P.2d 914.) However, plaintiff does not do so here. He merely alleges that his resignation was demanded by Hilborn and that he was "acting under the coercion and wrongful influence" of Hilborn when he submitted it. In the light of the indicated voluntariness of his letter of resignation[2] which was before the trial court, and because the aforesaid allegations are conclusory, we think that a showing of ultimate probable success was not made. We point out, however, that in reaching that conclusion we are not passing upon the merits of the case. See *Nationwide Advertising Service, Inc. v. Kolar* (1975), 28 Ill. App. 3d 671, 329 N.E.2d 300.

[2] The letter explains the resignation as an offer to relieve Chicago Temple from an embarrassing situation and, after first stating plaintiff's wish to continue his employment, the letter continues as follows:

"Realizing, however, that my Confirmation in the Anglican Communion, wrongly understood, and inaccurately interpreted, might create embarrassment or difficulties for Dr. Pierce and/or my other esteemed colleagues, staff members, and the bretheren, it seems proper that ° ° ° I should now tender my resignation. Let it be said that I assume full and total responsibility for my actions."

■■ Finally, we observe that the injunction sought here is mandatory in character because, in asking that defendants be restrained from terminating him and from hiring another in his place, plaintiff in effect asks the court to direct his reemployment and the discharge of his already employed successor. (See *Liberty National Bank v. Newberry* (1955), 6 Ill. App. 2d 252, 127 N.E.2d 269.) A mandatory injunction should only be issued after a showing of great necessity (*Amber Automotive, Inc. v. Illinois Bell Telephone Co.* (1973), 15 Ill. App. 3d 769, 305 N.E.2d 270), which must be clearly established and free from doubt (*Amber Automotive; Ambassador Foods Corp. v. Montgomery Ward & Co.* (1963), 43 Ill. App. 2d 100, 192 N.E.2d 572). Considering what has been stated in this opinion, we think that a showing of great necessity was not clearly established.

We are cognizant of other issues raised by plaintiff, including his contention that he had a right not to have his employment terminated because of his religious conversion. We stress, however, that our sole role in review is to determine whether the trial court abused its discretion in denying plaintiff's request for preliminary injunction and, for the reasons stated above, we find no such abuse and we affirm the judgment of the trial court.

Affirmed.

LORENZ, P. J., and BARRETT, J., concur.