JOHN HUTTER, Plaintiff-Appellant, *v.* LAKE VIEW TRUST AND SAVINGS BANK *et al.*, Defendants-Appellees.

First District (5th Division)  Nos. 76-1472, 76-1683 cons.

Opinion filed November 4, 1977.

John A. Hutter, of Chicago, for appellant, *pro se.*

Robert C. Christenson, of Chicago (Vedder, Price, Kaufman & Kammholz, of counsel), for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In these consolidated appeals, plaintiff seeks reversal of orders entered in two separate trial court actions.

In the first (76—1472), John Hutter (Hutter) petitioned on June 6, 1976, against defendants Lake View Trust and Savings Bank (the Bank) and Merrill Lynch Pierce Fenner & Smith, Inc. (Merrill Lynch) asking, in addition to an accounting and damages, that both defendants be enjoined from selling or otherwise disposing of certain securities and accumulated interest which had been pledged as collateral for loans, and that the Bank also be enjoined from taking any action in regard to a certain land trust until the ultimate disposition of the case. The Bank filed a motion to dismiss and, on September 15, 1976, the trial court struck that portion of the petition which sought an injunction for failure to allege the lack of an adequate remedy at law and transferred the cause to the law division. On appeal from that order, Hutter contends that the trial court denied his right to due process of law by striking his request for equitable relief.

In the second case (76—1683), the Bank brought suit on July 30, 1976, against Hutter, seeking payment of a promissory note which it alleged was past due. Hutter answered and filed a cross-complaint against the Bank only, which contains substantially the same allegations as his petition in 76—1472. Both parties then filed motions to dismiss. On November 5, 1976, an order was entered denying Hutter's motion to dismiss the Bank's action, and a separate order granted the Bank's motion to dismiss on the basis that "another action is pending between the same parties for the same cause," the other being the suit filed on June 6, 1976. On appeal from these orders, he contends that he was deprived of "his day in court."

OPINION

While Hutter has continually maintained in 76—1472 that the trial court denied him due process of law by striking his petition for an injunction to preserve the status quo, for the first time in his reply brief he identifies the basis of the due process contention which he claims renders his remedy at law inadequate. His position is that actions taken by the Bank regarding his beneficial interest in a certain land trust will deprive him of his homestead. We cannot agree.

■■ The granting or denial of an injunction which is interlocutory in nature is an appealable order. (Ill. Rev. Stat. 1975, ch. 110A, par. 307(a)(1); *Statistical Tabulating Corp. v. Hauck* (1972), 5 Ill. App. 3d 50, 282 N.E.2d 524.)

> "A preliminary injunction is an extraordinary remedy which usually will issue only when it appears that irreparable harm might be done in the event that the status quo is not maintained pending the disposition of a lawsuit. It is generally employed only in matters of great urgency, and then only with the utmost care and caution. [Citations.]" (*Hoffman v. City of Evanston* (1968), 101 Ill. App. 2d 440, 444, 243 N.E.2d 478, 480.)

To establish a right to an injunction, facts must be alleged positively with certainty and precision as opposed to mere opinion and conclusion, and such allegations must show that irreparable harm will result should the status quo be impaired prior to the termination of the litigation. (*County of Du Page v. Robinette* (1966), 77 Ill. App. 2d 167, 221 N.E.2d 769; *East Side Health District v. Village of Caseyville* (1962), 35 Ill. App. 2d 443, 183 N.E.2d 20.) Irreparable harm is established where the remedy at law is inadequate in that monetary damages either will not adequately compensate plaintiff or cannot be measured by any pecuniary standard. (*Simpkins v. Maras* (1958), 17 Ill. App. 2d 238, 149 N.E.2d 430.) In granting or denying a preliminary injunction, the trial court possesses a broad discretionary power and, absent abuse, the exercise of such discretion will not be disturbed by a court of review. *People ex rel. Bolton v. Progressive General Insurance Co.* (1967), 84 Ill. App. 2d 109, 228 N.E.2d 146; *Gifford v. Rich* (1965), 58 Ill. App. 2d 405, 208 N.E.2d 47.

■■■ A beneficial interest in a land trust is personal property and, to determine whether an estate of homestead attaches to such property, detailed facts pertaining to the creation of the trust must be alleged. (See *Sterling Savings & Loan Association v. Schultz* (1966), 71 Ill. App. 2d 94, 218 N.E.2d 53.) One claiming the benefits of homestead (Ill. Rev. Stat. 1975, ch. 52, par. 1 *et seq.*) must also establish that he meets the statutory requirements. *First National Bank & Trust Co. v. Sandifer* (1970), 121 Ill. App. 2d 479, 258 N.E.2d 35.

■■■ Here, to the extent that the trial court's order striking Hutter's

petition for equitable relief denied him an injunction to preserve the status quo until the ultimate disposition of the litigation, it is an appealable order. (Ill. Rev. Stat. 1975, ch. 110A, par. 307(a)(1).) In his petition, Hutter frequently stated opinions and conclusions concerning vague understandings, promises, and inducements without stating when, where, and under what circumstances these transactions or interactions occurred. Moreover, he failed to state even in a conclusionary manner that damages would not adequately compensate him should his case be found to be meritorious. The complaint is devoid of factual allegations which show either the manner in which he would be harmed should the court fail to restrain (until the ultimate disposition of the case), the sale of securities, or the unspecified action which the Bank may take in regard to his beneficial interest in the land trust. Should the securities be transferred and the ultimate resolution be in Hutter's favor, the loss suffered could be fully compensated by damages which could be computed with reasonable certainty. (*Gifford v. Rich.*) Also, as the beneficial interest is personalty (*Sterling Savings & Loan Association v. Schultz*), and because Hutter has not made sufficient allegations showing an interest which amounts to an estate of homestead (*First National Bank & Trust Co. v. Sandifer*), any loss suffered by Hutter in the alteration of the status quo could also be adequately compensated by damages. Thus, we cannot say that the trial court abused its discretion in striking Hutter's petition for equitable relief.

Hutter next contends, in 76—1683, that the trial court erred in denying his motion to dismiss the Bank's complaint. We decline to reach the merits of this issue, as the denial of a motion to strike or dismiss of itself is not a final appealable order. *Cahokia Sportservice, Inc. v. Illinois Liquor Control Com.* (1975), 32 Ill. App. 3d 801, 336 N.E.2d 276.

■■ Hutter's second contention in 76—1683 is that the trial court deprived him "of his day in court" by improperly granting the Bank's motion to dismiss his cross-complaint. We disagree.

Section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(c)) provides:

> "(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:
>
>    * * *
>
> (c) That there is another action pending between the same parties for the same cause."

Two actions are "for the same cause" where relief is sought on substantially the same set of facts. (*Skolnick v. Martin* (1964), 32 Ill. 2d 55, 203 N.E.2d 428, *cert. denied* (1965), 381 U.S. 926, 14 L. Ed. 2d 684, 85 S.

Ct. 1562.) Except in rare cases, the trial court's inquiry is limited to the identity of parties and cause, as section 48(1)(c) "grants a right to dismiss, thus fostering orderly procedure and relieving litigants and courts of unnecessary burdens associated with multiple actions." *Gerber v. First National Bank* (1975), 30 Ill. App. 3d 776, 780, 332 N.E.2d 615, 618.

■■ Here, while Hutter's original action was against Merrill Lynch as well as the Bank, Merrill Lynch answered that it was not really a party to the transactions between Hutter and the Bank, characterizing itself as a mere stakeholder—which is corroborated by the allegations of Hutter's complaint. Moreover, substantially the same set of facts forms the basis for both Hutter's petition and cross-complaint (the latter being more factual in nature than the former) and each seeks the same relief, except Hutter in the cross-complaint omitted the request for injunctive relief. Therefore, we cannot say that the trial court erred in granting the Bank's motion to dismiss.

For the reasons stated, the judgment of the circuit court in cause numbers 76—1472 and 76—1683 is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.