OFFICE ELECTRONICS, INC., Plaintiff-Appellant, v. JANI L. ADELL, Defendant-Appellee.

First District (1st Division) No. 1—90—2867

Opinion filed April 27, 1992.

Winston & Strawn and Sander D. Levin, P.C., both of Chicago (David S. Acker, Paul P. Biebel, Jr., Caryn S. Mohan, and Jeffrey W. Brend, of counsel), for appellant.

Griffin & Fadden, Ltd., of Chicago (Bradley B. Falkof, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Office Electronics, Inc. (OEI), appeals from an order of the circuit court of Cook County denying OEI's motion for preliminary injunction. OEI sought the preliminary injunction to enforce a noncompetition agreement against defendant Jani L. Adell, a former salesperson for OEI. For the following reasons, we affirm the judgment of the trial court.

The record on appeal reveals the following facts. On September 14, 1990, plaintiff OEI filed a verified complaint seeking to enjoin defendant Adell from soliciting business from 88 customers listed in an attachment to the complaint. In the complaint, plaintiff identifies itself as a corporation engaged in the manufacture and sale of printing used in data processing, marketing and other business applications. The complaint alleges that on June 10, 1985, plaintiff and

defendant allegedly signed a document entitled "EMPLOYMENT AGREEMENT," which provides in relevant part:

"7. PROHIBITIONS REGARDING OFFICE ELECTRONICS' CUSTOMERS AND EMPLOYEES.

(a) It is understood and agreed by Salesperson that all business relationships and goodwill now existing with respect to customers of Office Electronics to be served by Salesperson hereunder, whether or not created by Salesperson, and all such relationships and goodwill which may hereafter be created or enhanced by Salesperson in the course of employment hereunder, constitute proprietary rights and interests of Office Electronics, and shall inure to the sole benefit of and are and shall at all times remain the sole property of Office Electronics. Accordingly, Salesperson agrees that during the term of this Agreement and for a further period of one year beginning on the termination of this Agreement under any circumstances, he/she will not, as proprietor partner, joint venturer, stockholder, director, officer, trustee, principal, agent, servant, employee, or in any other capacity whatever, directly or indirectly solicit orders from, sell or render services to any customer solicited, sold, or serviced by Salesperson in the course of employment by Office Electronics as a salesperson at any time during the term of this Agreement, with respect to any product or service sold by Office Electronics or any subsidiary or affiliated corporation, nor shall Salesperson directly or indirectly aid or assist any other person, firm, or corporation to do any of the aforesaid acts."

The complaint further alleges that defendant was employed by plaintiff as a sales representative from June 10, 1985, until her voluntary resignation on August 17, 1990. It is also alleged that during that time, defendant serviced a number of OEI accounts in Chicago and its suburbs. After her resignation, defendant allegedly was hired by the Combined Printing Corp., a competing marketer of business forms in the Chicago metropolitan area. Defendant has since contacted customers she serviced at OEI, allegedly in violation of the terms of the employment agreement.

These allegations also form the basis of plaintiff's verified motion for preliminary injunction, which was filed the same day as the initial complaint.

A "Verified Answer to Complaint" is attached to plaintiff's brief as exhibit "D." It appears, however, that this document is not contained in the record on appeal.

On October 2, 1990, the trial court held a hearing on the motion for preliminary injunction. The report of proceedings indicates that there was an initial colloquy concerning production of documents. The trial court then stated as follows:

"THE COURT: Well, without ruling on the difficulties that this late production causes the defendants, I have not had the opportunity to go deeply into the pleadings in preparation for the hearing on preliminary injunction.

It would seem that before I hear evidence on the plaintiff's protectible business interests in the plaintiff's customers, I should hear argument on the reasonableness of the restrictive covenant that's contained in the employment agreement. The reason for that is that if the agreement is overbroad or vauge [sic] it may not be enforced and there's no need to hear evidence."

The trial court then discussed the law of noncompetitive agreements in Illinois and indicated that the court had reviewed the agreement closely. The trial court then stated:

"THE COURT: *** And with that as the basis upon which I invite your inquiry, I would now like to discuss with you, or have you discuss with me, the language 'directly or indirectly solicit orders from, sell or render services to any customer solicited, sold or serviced.' That language is critical."

The trial court then heard argument on the meaning of the restrictive covenant. At one point, in an exchange with plaintiff's attorney, the trial court stated:

"THE COURT: But read your clause, counsel. My focus is that you have a right to protect your customers. You don't have a right to protect your prospects. This agreement attempts to protect your prospects. This agreement says the employee agrees not to 'directly or indirectly solicit orders from,' leaving the rest blank, 'any customer solicited.'

So what this agreement does is it not only purports to bar the defendant's sales to customers who the defendant had sold to while she was engaged with the plaintiff, but it further purports to preclude her from soliciting orders from those she had previously solicited, but had never sold."

Plaintiff responded that it interpreted a "customer solicited" as a person who had already purchased goods or services from OEI, but was being solicited for additional business, such as for products not previously bought by that customer.

The trial court ruled that the covenant was facially invalid due to overbreadth because: (1) it barred defendant from soliciting from those who were never customers of OEI, but who may have been solicited at an earlier time; (2) it barred solicitation of any person who was an OEI customer during defendant's employment, regardless of whether that person remained an OEI customer; and (3) it applied to all of OEI's products and services, regardless of whether defendant had ever sold a particular product or service. The trial court entered an order denying the motion for preliminary injunction "for the reasons stated *** in open court" on October 2, 1990. Plaintiff now appeals.

We first discuss the proper standard of review to be employed in this case. In general, the decision to grant or deny preliminary injunctive relief falls within the broad discretion of the trial court; accordingly, such decisions will not be disturbed on appeal absent a clear abuse of that discretion. (*Witter v. Buchanan* (1985), 132 Ill. App. 3d 273, 279, 476 N.E.2d 1123, 1128.) This standard is applied because a hearing on a preliminary injunction is not an adjudication on the merits; it is only when an order effectively decides the merits that this court examines whether the trial court's findings are against the manifest weight of the evidence and whether the trial court was legally correct. (See *Witter*, 132 Ill. App. 3d at 279, 476 N.E.2d at 1128.) The parties in this case both argued that the trial court's decision is subject to *de novo* review, but both parties relied on cases involving motions to dismiss, rather than a motion for preliminary injunction.

We next turn to the question of whether the trial court erred in denying the motion for preliminary injunction, given the state of the record on appeal. A party seeking preliminary injunctive relief must establish: (1) a certain and clearly ascertainable right needing protection; (2) irreparable injury will occur without injunctive relief; (3) no adequate remedy at law exists; and (4) a probability of success on the merits. (*A.B. Dick Co. v. American Pro-Tech* (1987), 159 Ill. App. 3d 786, 791, 514 N.E.2d 45, 48; *McRand, Inc. v. Van Beelen* (1985), 138 Ill. App. 3d 1045, 1050, 486 N.E.2d 1306, 1310; *Morrison Metalweld Process Corp. v. Valent* (1981), 97 Ill. App. 3d 373, 375, 422 N.E.2d 1034, 1036.) Where the basis for the preliminary injunction rests in the complaint, plaintiff is required to allege, with both certainty and precision, specific facts regarding these elements, including that of irreparable harm. (See *Illinois Municipal League v. Illinois State Labor Relations Board* (1986), 140 Ill. App. 3d 592, 608, 488 N.E.2d 1040, 1051; *Whitaker v. Pierce* (1976), 44 Ill. App. 3d 148, 150, 358 N.E.2d 61, 63.) However, an evidentiary hearing on a

motion for preliminary injunction is generally required where a verified answer is filed denying material allegations in the complaint. *Peoples Gas Light & Coke Co. v. City of Chicago* (1983), 117 Ill. App. 3d. 353, 355, 453 N.E.2d 740, 742.

■ On appeal, no verified answer appears in the record. Plaintiff has attached what purports to be such an answer to its brief and stated at oral argument that it believed the answer had been tendered in open court. Defendant stated that the exclusion of the answer was merely an oversight. Although an attachment to a brief is no substitute for a record, this court may consider the attachment if the parties so stipulate at oral argument. *Chicago Title & Trust Co. v. Brooklyn Bagel Boys, Inc.* (1991), 222 Ill. App. 3d 413, 417.

■ In this case, the trial court heard the argument of counsel for both parties. The trial court also had before it the verified complaint, including the attachments thereto. These attachments included the agreement at issue, a list of 88 entities to which OEI believed the agreement to apply, and correspondence between OEI and Adell, as well as between Combined Printing Corp. and OEI. In addition, the trial court apparently had before it the verified answer to the complaint. The verified answer, however, is important not only because it raises the issue of overbreadth, but also because it does not deny the basic facts upon which OEI's complaint is based. In particular, the verified answer admits that defendant signed the agreement attached to the complaint and was employed from June 10, 1985, through August 17, 1990. The answer further admits that defendant became employed by the Combined Printing Corp. in August 1990 and has since contacted customers she serviced at OEI.

Given the nature of the verified answer in this case (or its possible absence), we conclude that the trial court's refusal to hold a full evidentiary hearing was not a clear abuse of discretion. The record on appeal, such as it is, indicates that the parties agreed on the facts which comprised the essence of plaintiff's complaint. The transcript of proceedings indicates that plaintiff was prepared to show that the 88 entities listed in the attachment to its complaint had all done business with plaintiff through defendant within the past year. However, as plaintiff notes in its brief, the trial court would not have had a problem with restricting defendant from dealing with 88 OEI customers for a period of one year. The transcript further indicates that plaintiff was prepared to show that 95% of defendant's time was spent in connection with customers of OEI, as opposed to the recruitment of new clients. Nevertheless, the transcript clearly indicates that the trial court's ruling in this case depended on its interpretation of the cove-

nant as broader than plaintiff's request as stated at the hearing. It is therefore apparent that the evidence that plaintiff was prepared to introduce would not have affected the outcome in the trial court.

Since the facts and circumstances presented by the record at this time indicate that the trial court did not clearly abuse its discretion in denying relief based on the facts as set forth in the complaint, it is appropriate for this court to consider whether the motion for preliminary injunction was sufficient. (*Whitaker*, 44 Ill. App. 3d at 150, 358 N.E.2d at 63.) Even a cursory review of the motion in this case reveals that plaintiff's allegations concerning irreparable injury and the lack of an adequate legal remedy are merely conclusory and fail to set forth facts with the detail necessary to support the issuance of a preliminary injunction. (*Whitaker*, 44 Ill. App. 3d at 151, 358 N.E.2d at 63-64.) We stress, as did the *Whitaker* court, that our sole function on appeal is to review whether the trial court abused its discretion in denying preliminary injunctive relief; we express no opinion on the merits of the case. *Whitaker*, 44 Ill. App. 3d at 152, 358 N.E.2d at 64.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

O'CONNOR and MANNING, JJ., concur.